UNITED STATES MUT. ACC. ASS'N v. ROBINSON.

(Circuit Court of Appeals, Eighth Circuit. April 13, 1896.)

No. 696.

1. REVIEW ON ERROR—GENERAL FINDINGS OF FACT.
    The question whether a general finding on the facts was supported by the evidence cannot be considered where the bill of exceptions fails to state that it contains all the evidence.

2. SAME—TRIAL TO COURT WITHOUT JURY.
    In an action at law tried to the court without a jury, where the finding on the issues of fact is general, and no exceptions are taken to the rulings of the court in the progress of the trial, and the complaint states a cause of action, there is nothing for the appellate court to consider.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

James C. Jones (William C. Jones was with him on the brief), for plaintiff in error.

George H. Sanders, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This action was brought by Minnie Robinson, the defendant in error, against the United States Mutual

Accident Association, the plaintiff in error, on a casualty policy of insurance issued to Emile O. Moore, payable, in case of death from casualties insured against, "to John P., Jr., and Catherine Moore (his son and daughter) or to the survivor of them, or, in the event of their prior death, according to the by-laws." The complaint alleged "that by the terms of said insurance contract, and under the by-laws of the defendant association, the said Emile O. Moore had the right to, and did, change the beneficiary under said policy, by designating in due form, and in accordance with the by-laws of said defendant association, to the plaintiff herein, as a substituted beneficiary under said policy." The answer set up several defenses, which, in the view we take of the case, need not be particularly set out. A jury was waived, and the case was tried before the court, in pursuance of a written stipulation signed by the parties, and filed with the clerk, as required by section 649 of the Revised Statutes of the United States. The court's finding on the facts was general in favor of the plaintiff, and judgment was rendered accordingly. 68 Fed. 825. The bill of exceptions does not disclose that any exceptions were taken to the introduction or exclusion of evidence, or to any other ruling of the court in the progress of the trial. At the close of all the evidence the court was asked to declare "that under the law and the evidence the finding must be for the defendant." If it was competent in any case for this court to look into the evidence with a view of determining whether a general finding of the lower court on the facts was supported by the evidence, we could not do so in this case, because the bill of exceptions fails to state that it contains all the evidence.

Much of the brief filed in behalf of the plaintiff in error is devoted to the discussion of the question whether the defendant in error had an insurable interest in the life of Moore, but there is no assignment of error raising that question.

The court was asked to make several declarations of law based on certain alleged facts, or upon facts which the court was asked to find, all of which were refused by the court upon the distinct ground that the facts were not such as the declarations requested assumed them to be, or as the court was asked to find them. The declarations were therefore irrelevant, and rightly refused.

When the finding of the court on the issues of fact is general, and there are no exceptions taken to rulings of the court in the progress of the trial, and the complaint states a cause of action, there is nothing for this court to consider. The presumption is that the finding was supported by the evidence, the proceedings regular, and the judgment valid. Rush v. Newman, 12 U. S. App. 635, 7 C. C. A. 136, and 58 Fed. 158; City of Plankinton v. Gray, 27 U. S. App. 321, 11 C. C. A. 268, and 63 Fed. 415. The judgment of the circuit court is affirmed.