O'HARA v. MOBILE & O. R. CO.

(Circuit Court of Appeals, Eighth Circuit. October 26, 1896.)

No. 774.

1. APPEAL—TRIAL BY COURT—FINDING—REVIEW.
    Where a jury is waived, and the court finds generally for one side or the other, the losing party has no redress on error except for the wrongful admission or rejection of evidence. 75 Fed. 130, affirmed.

2. EVIDENCE—RECORD OF JUDICIAL PROCEEDINGS—EXHIBITS.
    An objection to the introduction of the record of a judicial proceeding on the ground that it does not contain all the exhibits in the original bill is sufficiently answered by afterwards proving and introducing the original exhibits.

3. SAME.

A party desiring to use as evidence some part of the record of a judicial proceeding need produce a transcript of only the part which he wishes to use.

4. SAME—AUTHENTICATION OF RECORDS.

It is the uniform practice to follow the requirements of Rev. St. § 905, as to the certificate of the clerk and judge in authenticating the records and judicial proceedings of the United States courts, though that section does not include them in terms, and an authentication which conforms thereto is sufficient.

5. SAME—CORPORATIONS—PROOF OF EXISTENCE.

Where a party has admitted the existence of a corporation by contracting with it, and has admitted in a former judicial proceeding that he entered into the contracts, it is not necessary, when the record of that proceeding is introduced in evidence, to prove such corporate existence.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

This action was commenced by Henry O'Hara, the plaintiff in error, in the circuit court for the city of St. Louis, Mo., and on the application of the Mobile & Ohio Railroad Company, the defendant in error, was removed into the circuit court of the United States for the Eastern district of Missouri, upon the ground of the diverse citizenship of the parties. The cause of action counted upon in the complaint is for the rent of railroad box cars. The parties waived a jury trial in the mode provided by statute, and the cause was tried by the court, whose finding on the facts was general, and in favor of the defendant. 75 Fed. 130. Final judgment was rendered in accordance with the general finding, and the plaintiff sued out this writ of error.

Given Campbell (O'Neill Ryan with him on the brief), for plaintiff in error.

R. P. Williams, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The case was tried by the court, which made a general finding of facts upon which judgment was rendered in favor of the defendant. In Dirst v. Morris, 14 Wall. 484, 490, the supreme court, speaking by Mr. Justice Bradley, said:

"The court was exercising the functions of both court and jury, and whether, as matter of fact, it regarded the proof sufficient to show that Breese had been served with process in the foreclosure suit, whether, as matter of law, it regarded that fact as not material, or what other view of the case it may have taken, does not appear, and therefore no error can be asserted in the decision. This court, sitting as a court of error, cannot pass, as it does in equity appeals, upon the weight or sufficiency of the evidence; and there was no special finding of the facts. Had there been a jury, the defendant might have called upon the court for instructions, and thus raised the questions of law which he deemed material. Or, had the law, which authorizes the waiver of a jury, allowed the parties to require a special finding of the facts, then the legal questions could have been raised and presented here upon such findings as upon a special verdict. But, as the law stands, if a jury is waived, and the court chooses to find generally for one side or the other, the losing party has no redress on error, except for the wrongful admission or rejection of evidence."

The doctrine of this case that, where a jury is waived, and the court finds generally for one side or the other, the losing party has no redress on error except for the wrongful admission or rejection of

evidence, has been repeatedly affirmed by the supreme court and by this court and by other circuit courts of appeals. Insurance Co. v. Folsom, 18 Wall. 237; Cooper v. Omohundro, 19 Wall. 65; British Queen Min. Co. v. Baker Silver Min. Co., 139 U. S. 222, 11 Sup. Ct. 523; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481; Stanley v. Supervisors, 121 U. S. 535, 7 Sup. Ct. 1234; Walker v. Miller, 19 U. S. App. 403, 8 C. C. A. 331, and 59 Fed. 869; Searcy Co. v. Thompson, 27 U. S. App. 715, 13 C. C. A. 349, and 66 Fed. 92; Insurance Co. v. Hamilton, 22 U. S. App. 386, 11 C. C. A. 42, and 63 Fed. 93; Insurance Co. of North America v. International Trust Co., 17 C. C. A. 616, 71 Fed. 88; Accident Ass'n v. Robinson, 20 C. C. A. 262, 74 Fed. 10; City of Key West v. Baer, 13 C. C. A. 572, 66 Fed. 440; Rhodes v. Bank, 13 C. C. A. 612, 66 Fed. 512; Distilling & Cattle Feeding Co. v. Gottschalk Co., 13 C. C. A. 618, 66 Fed. 609; Blanchard v. Bank, 75 Fed. 249. In Lehnen v. Dickson, supra, the supreme court said: "The duty of finding the facts is placed upon the trial court. We have no authority to examine the testimony in any case and from it make a finding of the ultimate facts."

We will examine the assignments of error relating to the admission of evidence over the objection of the plaintiff. The defendant offered in evidence a transcript of the record of the proceedings of the United States circuit court for the Southern district of Illinois in the case of the Atlantic Trust Company and the Railroad Equipment Company against Henry O'Hara and the Mobile & Ohio Railroad Company. The plaintiff in this suit, O'Hara, was a party to that suit, and appeared therein, and answered. The record contained matters material to the issues in this case. Its introduction in evidence was objected to on the ground that it did not contain all the exhibits to the original bill. A sufficient answer to this objection is found in the fact that the original exhibits were afterwards duly proved, and introduced in evidence. A party, however, desiring to use as evidence some part of the record of a judicial proceeding may do so without producing a transcript of the whole record. It is enough for him to produce a duly-authenticated transcript of so much of the record as he desires to use as evidence. It is, of course, open to the other party to produce the whole record, or so much thereof as he may desire to put in evidence; but neither party can insist that the other shall produce a transcript of the record containing the part which he wants to use as evidence, or that he shall produce a complete record as a condition precedent to his using as evidence that portion of the record which he esteems material to his side of the case. It is only the material part of the record that is competent evidence, and, if a complete record was produced, all that portion of it not material to the issue on trial would have to be excluded.

It was further objected to the introduction of this record that it was not properly certified. The certificates of the clerk and judge conform to the requirements of section 905 of the Revised Statutes of the United States. While that section does not, in terms, in-

clude the records and judicial proceedings of the courts of the United States, it has been the uniform practice from 1790 down to the present time to follow its requirements in authenticating the records and judicial proceedings of those courts, and such authentication has always been held sufficient. The admission in evidence of the exhibits omitted from the transcript of the record referred to, consisting of three contracts signed by the Railroad Equipment Company, by its vice president, and by the plaintiff in error, was objected to on the ground that they ought to have been incorporated into that record. This objection is already sufficiently disposed of.

Another ground of objection was that there was no proof that the Railroad Equipment Company was a corporation. The plaintiff in error admitted the existence of the corporation by contracting with it. Moreover, the plaintiff in error admitted in his answer in the chancery suit in Illinois that he had entered into these contracts with the equipment company.

These are the only objections to the introduction of evidence argued in the brief of the learned counsel for the plaintiff in error, and they are the only ones requiring any notice. It is assigned for error that the court refused to declare "the law to be that, under the pleadings and evidence in this case, there must be a finding and verdict in favor of the plaintiff. * * *" As we are precluded from looking into the evidence, we cannot say that the court erred in refusing this or any other declaration of law asked by the plaintiff. The presumption is that it did not. The judgment of the circuit court is affirmed.