## RYAN v. STAPLES.

(Circuit Court of Appeals, Eighth Circuit. January 18, 1897.)

### No. 701.

1. VENDOR AND VENDEE—BONA FIDE PURCHASER.
   One who buys property from an innocent bona fide purchaser is protected by the latter's good faith and innocence, though he may himself have notice of antecedent defects or equities that would have defeated his title if he had been the first purchaser.

2. EXECUTION SALE—ERRONEOUS JUDGMENT.
   One not a party to the suit, who purchases at a sale under a judgment merely erroneous and not void, before a writ of error is allowed, acquires a valid title, which is not divested by a subsequent reversal.

3. REVIEW ON ERROR—TRIAL TO COURT.
   Where the court below, trying a case without a jury, makes a mere general finding that one party is the owner of the premises and entitled to possession, the only questions open to review on error are rulings on the admission and rejection of evidence.

In Error to the Circuit Court of the United States for the District of Colorado.

Motion for a Rehearing.

For former report, see 76 Fed. 721.

C. S. Thomas, W. H. Bryant, and H. H. Lee, for plaintiff in error.

Hugh Butler, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

PER CURIAM. The motion for a rehearing in this case is based upon the erroneous supposition that this court overlooked the fact that the plaintiff in error was refused permission to prove that Spooner and Staples were not bona fide purchasers of the title to the property under the Schoolfield judgment, and that they in fact knew all the defects thereof, and were in their purchase and redemption under it mere agents for Edmund C. Bassick, a director and stockholder of the defendant in that judgment. One reason why this evidence was immaterial, in our opinion, is that after Spooner had purchased the property under the Schoolfield judgment for $37,599.85, and before any writ of error to reverse that judgment had been sued out, while the judgment and the sale under it to Spooner stood unchallenged, George H. White, who was the owner of an inferior judgment against the same defendant, paid the sheriff $39,532.05, and thereby redeemed the property from that sale. He then directed the sheriff to sell it again to satisfy his demand, and on May 13, 1886, he did so, and White purchased it for $60,000, and received the sheriff's usual certificate of sale. By virtue of his redemption White was a bona fide purchaser of the prior lien of $39,-532.05 without notice of any defects in it. Through that purchase and his subsequent sale he acquired a valid lien upon the property for $60,000, that would have matured into a perfect title at the end of the period of redemption, if no subsequent redemption from him had been made. His title would have been impregnable. The subsequent reversal of the Schoolfield judgment could not have affected it. Ryan v. Staples, 76 Fed. 721, 729, and cases cited. Staples subsequently redeemed from this sale to White, and again sold the property to satisfy his claim, and in this way the title finally matured in him. The good faith and innocence of White protected every redemptioner and purchaser under him, and the title is as good in their hands as it would have been in his, whatever their notice or knowledge of defects in the title anterior to his redemption may have been. One who buys property from an innocent bona fide purchaser is protected by the good faith and innocence of his grantor, although he may himself have notice of antecedent defects or equities that would have defeated his title if he had been the first purchaser. Trull v. Bigelow, 16 Mass. 406; Glidden v. Hunt, 24 Pick. 221, 225, 226; Boynton v. Rees, 8 Pick. 329; Funkhouser v. Lay, 78 Mo. 458, 465; Wood v. Chapin, 13 N. Y. 509.

But, aside from the foregoing consideration, no error was committed in rejecting the offer of proof made by the defendant, Ryan, for another reason. The offer was to prove "that Staples was not the real party in interest; * * * that he was not a bona fide purchaser for value of the property in controversy; that he had bought it with full knowledge of all the circumstances concerning the Schoolfield decree; that he had paid no money out of his own pocket, but it had been advanced to him by others; that he was not a purchaser at all of the property; * * * that he had never re-

deemed the property personally from any sale, * * * but that the whole matter was conducted by Edmund C. Bassick, who was a director and stockholder in the Bassick Mining Company." The sum and substance of this offer, in so far as the defendant sought to prove facts, as distinguished from conclusions of law, was that Staples had not furnished any money of his own to redeem the property from prior sales; that the money had been advanced to him by others; that the redemption had been made by others in his name; and that at the sale the title had been taken in his name merely as a trustee. For the reason stated in our former opinion, these facts, assuming them to be true, did not disqualify Staples from maintaining a suit in ejectment, nor impeach his title. The offer to show that Staples was not a bona fide purchaser was an offer to prove a conclusion of law, and, taken in connection with the other facts which the defendant offered to establish, it meant no more than this: that Staples was not a bona fide purchaser, because he had redeemed and bought the property with money furnished by another, and for another's benefit. But this was no impeachment of his good faith. The judgment in the Schoolfield suit was founded upon valid claims against the Bassick Mining Company. It was not obtained by fraud or collusion, and was not affected with any vice, save the single error committed by the court before whom that case was tried, in permitting one of the lienors to participate in the proceeds of the sale of certain mining claims to which his lien did not extend. That defect, as we have heretofore held, did not render the judgment void, but simply erroneous. The error in question could not affect any one who was a purchaser under the judgment, unless he was a party to the suit in which that error was committed. It is familar law, as shown in our former opinion, that any person who was not a party to the Schoolfield suit could acquire a valid title at a judicial sale made under the judgment in that suit before a writ of error was sued out, which title would not be affected by a subsequent reversal of the judgment by an appellate tribunal, and such a sale was in fact made, as shown by our original statement. It was not claimed at the trial, nor was there any offer to show, that at the sale under the Schoolfield judgment the property in controversy was in fact bought by a person who was a party to the Schoolfield suit, nor that the money to make the purchase, or to redeem from that sale, or any subsequent sale, was advanced by any person who was a party to that suit. The defendant below did not offer to prove that the money to purchase the property at the sale under the Schoolfield judgment, or to redeem from that sale, was furnished by Edmund C. Bassick; and, even if it was advanced by him, we do not see that it would affect the plaintiff's title, as Bassick was not a party to the Schoolfield suit, but a stranger to the record. In view of these considerations, it is manifest, we think, that no error was committed in overruling the defendant's offer of proof.

The suggestion that this court should consider the assignment of error to the effect that the court below did not find for the plaintiff in error, upon the ground that he had been in adverse possession

of the property for the period required by the statute of limitations in the state of Colorado, is without merit. We cannot consider that assignment. This case was tried by the court below without a jury, and that court made no special findings of fact, but it made a general finding that the defendant in error was the owner of the premises and entitled to their possession. Upon such a record we cannot examine the evidence or the facts to see what judgment the court below should have rendered. The only questions open for our consideration are the rulings of the trial court upon the admis- sion and exclusion of evidence. Adkins v. Sloane, 19 U. S. App. 573, 8 C. C. A. 656, and 60 Fed. 344; Trust Co. v. Wood, 19 U. S. App. 567, 8 C. C. A. 658, and 60 Fed. 346; Hall v. Mercantile Co., 19 U. S. App. 644, 8 C. C. A. 661, and 60 Fed. 350; Accident Ass'n v. Robin- son, 20 C. C. A. 262, 74 Fed. 10; O'Hara v. Railroad Co., 22 C. C. A. 512, 76 Fed. 718. The petition for a rehearing is denied.