DENVER & R. G. R. CO. v. LORENTZEN.

(Circuit Court of Appeals, Eighth Circuit. March 1, 1897.)

No. 810.

1. REVIEW ON ERROR—BILL OF EXCEPTIONS.
   The circuit court of appeals will not review the action of a trial court in failing to direct a verdict for a plaintiff or defendant on issues of fact or on a mixed issue of law and fact, unless the bill of exceptions affirmatively shows that it contains all the evidence.

2. NEGLIGENCE—PERSONAL INJURIES—INSTRUCTIONS.
   It is not error for the court, in an action for personal injuries brought by a woman, to call the jury's attention to the possible bearing of her sex upon the question of contributory negligence, and to permit them to determine, in view of her sex and all the surrounding circumstances, whether she exercised such care as was reasonably to be expected from her.

3. TRIAL—WEIGHT OF EVIDENCE—INSTRUCTIONS.
   The giving of an instruction that positive evidence is entitled to more weight than negative always rests largely in the discretion of the court, and it is certainly not error to decline to give such instruction in a case

in which witnesses have testified as positively on the one side that a thing did not occur as on the other side that it did.

4. NEGLIGENCE—PERSONAL INJURIES—LIABILITY FOR MEDICAL ATTENDANCE.

The liability of a defendant, through whose negligence a plaintiff has been injured, for the plaintiff's doctors' and nurses' bills, rests upon the ground that they were rendered necessary by the defendant's neglect of duty, and is not altered, whatever arrangement the plaintiff may have made for the payment of such bills, or whether he ever pays them.

In Error to the Circuit Court of the United States for the District of Colorado.

Henry F. May (Edward O. Wolcott and Joel F. Vaile with him on the brief), for plaintiff in error.

Charles Hartzell, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is a suit to recover damages for injuries sustained at a railroad crossing by Mrs. Anna Marie Lorentzen, the defendant in error, who was the plaintiff below. Mrs. Lorentzen was riding in a public conveyance, termed a "hack," which was in charge of a driver, from the station of the Denver & Rio Grande Railroad Company, in Palmer Lake, Colo., to the station of the Atchison, Topeka & Santa Fé Railroad Company, in the same town or village. The two stations were some distance apart, and, on the route taken, it was necessary to drive across the track of the Denver & Rio Grande Railroad Company at some distance from its depot. While crossing the defendant's track, the vehicle in which she was riding was struck and overturned by an outgoing train of the defendant company, as the plaintiff below alleged, because of the neglect of the engineer on the outgoing train to ring the bell or sound the whistle. There was some controversy in the trial court as to whether the engineer and fireman in charge of the engine did neglect to ring the bell, as to whether the driver of the hack was not solely responsible for the accident, and as to whether the plaintiff herself was not chargeable with contributory negligence. At the conclusion of the evidence, the defendant asked the court to determine each of these questions as a matter of law, by directing a verdict for the defendant. The court declined to so charge, and an exception was saved, which is the first error to which our attention is directed. We are precluded, however, from considering the alleged error, for the reason that the bill of exceptions does not affirmatively show that it contains a report of all the testimony. The rule is well settled, at least in this court, that we will not review the action of a trial court in failing to direct a verdict for a plaintiff or a defendant on issues of fact, or on a mixed issue of law and fact, unless the bill of exceptions affirmatively shows that it contains all the evidence. Taylor-Craig Corporation v. Hage, 32 U. S. App. 548, 16 C. C. A. 339, and 69 Fed. 581; Association v. Robinson, 36 U. S. App. 690, 20 C. C. A. 262, and 74 Fed. 10.

In the course of its charge, the trial court used the following language:

"Probably we would not exact the same degree of care and diligence from a woman that we would from a man under the same circumstances. I am in-

clined to think that, if this plaintiff were a man suing for a recovery, I should be constrained to advise you that he could be no more relieved from the duty of looking out for the train than the driver of the wagon; but this plaintiff being a woman, a person who is not accustomed, or very much accustomed, to such places, and to going in this fashion from one depot to another, I think it is a matter fairly for your consideration whether she used the care and diligence which should be expected of a person in her situation, in going across this road."

An exception was taken to the aforesaid language, whereupon the court further instructed the jury as follows:

"I do not state that to you, gentlemen, as a matter of law or proposition of law, but simply as a matter for your consideration. I want you to consider whether there is less diligence to be exacted or expected from a woman than would be expected from a man. In fact, I am not considering any of these propositions as matters of law. I am merely explaining them for you to find and pass upon. The facts are with you, gentlemen, and not with the court."

The exception first taken is insisted upon, notwithstanding the explanatory remarks of the court. We think, however, that the exception is not well founded. Considering all that was said, it appears that the jury was left at liberty to determine, as it had an undoubted right to do, whether, in view of the plaintiff's sex and all the surrounding circumstances, she exercised such care and diligence as should reasonably be expected of her. This was the proper test by which to determine if she was guilty of any contributory fault.

The trial court was asked to charge, with reference to the evidence concerning the ringing of the bell, "that positive evidence is entitled to more weight than negative evidence." It declined to do so, and such action on its part is assigned for error. It is doubtless very proper to advise a jury, when such an instruction is asked, and the facts warrant it, that greater weight ought to be attached to statements of witnesses who claim to know or to have observed that on a given occasion a certain thing was done than to the statements of witnesses who are only able to say that they did not observe or have no recollection that the act was done. But in the case at bar the record discloses that two witnesses for the plaintiff below testified no less positively than the witnesses for the defendant that, on the occasion of the accident, the bell on the engine was not sounded as the train approached the crossing. It was wholly unnecessary, therefore, in the case in hand, to give an instruction relative to the comparative weight of positive and negative testimony, and the refusal of such an instruction constitutes no ground for complaint. In any event, the giving of an instruction of that nature is a matter which rests largely in the discretion of the trial judge. It should be made to appear very clearly that, in the particular case, such an instruction was necessary, before the refusal of a request of that kind should be held to be reversible error.

It is finally assigned for error that the trial court, in its charge, permitted the plaintiff to recover for certain doctors' and nurses' bills which she had incurred, although she did not testify that she had herself paid them, and although, at one stage of her testimony, she remarked, incidentally, that her brothers were paying her expenses. Whether they were paying the particular expenses in question, or

whether, if they were paying them, they were doing so in expectation of being reimbursed by the plaintiff, she did not state. It is apparent, we think, that this exception is without merit. The liability of the defendant company for the expenses in question rested upon the ground that they were rendered necessary by its neglect of duty, and that liability was not altered, no matter what arrangement the plaintiff may have made for their payment, or whether she ever pays them. City of Indianapolis v. Gaston, 58 Ind. 227; Klein v. Thompson, 19 Ohio St. 571; Pennsylvania Co. v. Marion, 104 Ind. 239, 3 N. E. 874. It is not apparent from this record that the doctors' and nurses' bills which the plaintiff incurred are not a legal charge against her, which she may be compelled to pay. The judgment of the circuit court is affirmed.