MORRIS v. GRAND AVENUE RAILWAY COMPANY, *Appellant.*

Division One, June 8, 1898.

1. **Negligence:** DAMAGES: MEDICAL SERVICES. To entitle plaintiff, in a suit against a railroad for personal injuries, to recover for medical services rendered him, he must show either that he has paid for the services or is liable therefor. He can not recover for a loss he has never sustained, nor for money which he is not legally liable to pay.

2. ———: ———: ——— GRATUITOUSLY RENDERED. The evidence shows that Dr. Griffith had treated plaintiff without being called by him or by any one for him, and in answer to the question, "What is the amount of your bill?" Griffith said, "About $281; that is, if I was going to charge anything." The trial court told the jury that in estimating plaintiff's damages they should take into consideration "all expenses paid or incurred by him for medicine and the services of Dr. Griffith." *Held*, that under this evidence plaintiff was under no legal liability to pay the physician's bill, and the instruction therefore was error, and the cause must be remanded for new trial. Nor will such judgment be permitted to stand on the claim that under all the testimony the verdict was for the right party.

3. ———: ———: ———: ———: GENEROSITY TO PLAINTIFF. In this case the respondent contends that "the defendant in an action for personal injuries caused by its own negligence ought not to profit by the generosity, charity and indulgence extended to plaintiff by personal friends." *Held*, that this is no answer to the denial of defendant that "plaintiff has been put to great expenses for medicine and the employment of medical assistance."

4. ———: ———: ———: GRATUITOUS SERVICES. Nor does the proof of gratuitous services meet the allegation of the petition that "plaintiff has been put to great expenses for medicine and doctor's bills, and will be to great expense in the future."

*Appeal from Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED AND REMANDED.

*Karnes, Holmes & Krauthoff* and *Frank Hagerman* for appellant.

The court erred in giving instruction 6 at the plaintiff's request, for that: *First.* It authorized a recovery for the bill of Dr. Griffith, which was unwarranted by the evidence. *Duke v. Railroad*, 99 Mo. 347; *Smith v. Railroad*, 108 Mo. 243, 251; *Norton v. Railroad*, 40 Mo. App. 642; *Rhodes v. Nevada*, 47 Mo. App. 499; *Culbertson v. Railroad*, 50 Mo. App. 556. *Second.* It allowed as future damages such pain and suffering as might be endured in the future. *Hawes v. Stock*

*Yards*, 103 Mo. 60; *Fry v. Railroad*, 45 Iowa, 146; *Bige-low v. Railroad*, 48 Mo. App. 367, 374; *Curtis v. Railroad*, 18 N. Y. 542; *Strohm v. Railroad*, 96 N. Y. 305; *Kucera v. Merrill Lumber Co.*, 65 N. W. Rep. (Wis.) 376; *Groundwater v. Washington*, 65 N. W. Rep. (Wis.) 871; *Hardy v. Railroad*, 61 N. W. Rep. (Wis.) 771; *Raymond v. Keesberg*, 64 N. W. Rep. (Wis.) 861; *Bradley v. Railroad*, 39 S. W. Rep. 763. *Third*. The instruction is faulty in intimating that a recovery could be had for $15,000.

*Gage, Ladd & Small* for respondent.

(1) Although Morris did not call him, Dr. Griffith rendered for him the services of a surgeon and administered to him the treatment of a physician for months. These services and this treatment the plaintiff accepted, and upon his acceptance of them arose a liability on the part of the plaintiff to pay for them. There is no evidence or any suggestion that any person other than the plaintiff was liable to the physician, or that the relation between them was in this respect any other than the usual one existing between physician and patient. (2) But to entitle the plaintiff to recover the equivalent of the value of the services, it is not essential that he be liable to pay for them. If the evidence were undisputed that the physician had performed these services as an act of charity, or had, before undertaking the care of plaintiff, expressly agreed that there should be no charge and that his professional skill should be exercised in plaintiff's behalf gratuitously, still the plaintiff would be entitled to recover the value of them. This is no concern of the defendant, because in such case the services would not be rendered for its benefit, but for the benefit of the plaintiff. And defendant in such case will not be

permitted to profit by charity or indulgence extended
to the plaintiff.   This doctrine is well settled in many
jurisdictions.   *Norristown v. Moyer*, 67 Pa. St. 355;
*The D. S. Gregory*, 2 Bend. (U. S.) 226; *Varnham v.
Council Bluffs*, 52 Iowa, 698; *Indianapolis v. Gaston*, 58
Ind. 224; *Railroad v. Dickerson*, 59 Ind. 317; *Pennsyl-
vania Co. v. Marion*, 104 Ind. 239; *Klein v. Thompson*,
19 Ohio St. 569; *Railroad v. Lorentzen*, 79 Fed. Rep.
291; *Murray v. Railroad*, 101 Mo. 236.

ROBINSON, J.—This is an appeal from a judgment
for plaintiff in a personal injury suit against defendant,
a cable street railway company.   As the one question
to be considered in this opinion relates to the giving of
an instruction in behalf of plaintiff on the measure of
his damages, no necessity arises for giving the evidence
in detail further than to say that after plaintiff received
his injuries he was taken to and treated at the Sisters
Hospital at Kansas City; that one Dr. Bedford, who
was not plaintiff's physician, called Dr. Griffith to
attend upon plaintiff, and that he did so throughout
his trouble and during his entire stay at the hospital.
There was nothing to show directly Dr. Griffith's
relation to the hospital, except from what may be
inferred from the fact that when the plaintiff went the
second time to the hospital for further treatment, Dr.
Griffith again appeared and treated him without being
especially called for by plaintiff, or by any one in his
behalf, so far as the record shows.   When Dr. Griffith
was asked the question by plaintiff's counsel, "What
is the amount of your bill against Mr. Morris, doctor?"
he answered, "About two hundred and eighty-one
dollars, sir; that is, if I was going to charge anything."

The particular grievance complained of by appel-
lant is that the court told the jury that in estimating
plaintiff's damages, they should take into considera-

tion "all expenses paid or incurred by him for medicine and the services of Dr. Griffith as shown by the evidence," when the testimony disclosed the fact, that he had neither paid nor was he liable for any services of the doctor. The respondent to maintain the judgment in his favor contends that it was not necessary for the plaintiff, in order to recover the equivalent or the value of the service of the attending physician to show that he had paid for the services or that he was liable therefor, but, that a showing that the services were made necessary by reason of defendant's negligence, and their value established, entitled plaintiff to a judgment therefor. And again, that even though the court should hold the instruction as given was subject to criticism or erroneous, still the judgment was manifestly for the right party under all the evidence, and for that reason should not be reversed.

Some authorities have been cited by respondent taking the broad ground as contended for by him in this case, but we think the holding of this court, as well as the great weight of authority, is against the position, and that the better and more logical rule is, that to entitle a plaintiff to recover for medical services rendered in a case like this, he must show either that he has paid for the services, or is liable therefor; that in this character of action plaintiff ought not to be permitted to recover for a loss which he has never sustained. To permit a recovery for medical services for which plaintiff had never paid nor incurred a liability, would be to abandon in the first place the pleadings, and create a new issue not raised therein, for the petition avers, "that by reason of said injuries he had been put to a great expense for medicine and doctor's bills and will be at great expense for the same in the future," etc. One of the issues that plaintiff tenders is, that by reason of defendant's negligence "he

has been put to great expense for medicines and doctor's bills and will be at great expense for the same in the future," yet upon that issue, and under a state of facts that shows neither the expenditure of or liability for a cent, the trial court told the jury in estimating plaintiff's damages that they should take into consideration the services of Dr. Griffith. This is not a case for exemplary damages, but one predicated alone upon the idea of compensation for injuries done and losses sustained. In addition to what the jury might award plaintiff for his suffering and physical injuries, they are authorized to compensate him for his pecuniary losses actually sustained, and not those that might or would have occurred but for the interposition of others through kindness or charity.

While in none of the reported cases in this State has the issue been raised and presented just as in this, the reasoning of our courts in disposing of cases involving the same general question is found to be opposed to the contention of respondent. Thus in *Smith v. Railroad*, 108 Mo. 243, in a suit for personal injuries, it was held that an instruction was erroneous that told the jury that they could take into consideration in estimating plaintiff's damages, "expenditure of money, etc," resulting from the injury sustained, where the evidence was that plaintiff had been attended by and received the services of four physicians, but failed to show that the physicians had made any charges for their services or that any other expenses had been incurred by her in consequence of her injuries. In *Ephland v. Railroad*, 57 Mo. App. 147, it was held that a plaintiff could not include in the item of damages loss of time, when it was shown that during the time that he was laid up from the injuries, he received his regular wages from his employers, the court through ELLISON, J., saying: "He did not,

therefore, lose his wages and was, of course, not damaged in this respect. The instruction contemplates a loss—a pecuniary loss. The case does not seek to punish defendant by the infliction of pecuniary damages; it merely seeks compensation; if plaintiff did not lose there is nothing to compensate." When the same question was before the court in *Lee v. Western Union Tel. Co.*, 51 Mo. App. 375, the opinion was closed with the pertinent suggestion, "If this element of damages is allowed, the case is landed in the absurdity that the defendant is allowed to recover $24 for lost wages, when his own testimony shows that the wages were not lost but were paid to him by his employer." That the expenses for which a plaintiff may recover must be such only as have been actually paid, or for which a liability has been incurred, is shown by the following recent cases. Thus in the recent case of *Railroad v. Muth*, from Texas, reported in the 27 S. W. Rep. 752, it was held that there could be no recovery for medical expenses incurred to a physician who had no license, because under such circumstances there was no legal liability to pay upon plaintiff's part. In *Belyea v. Railroad*, 61 Minn. 224, it was held that a married woman could not recover her medical expenses because the liability therefor was that of her husband and not her own. So in *Peppercorn v. Black River Falls*, 89 Wis. 38, it was said: "Nor did the court commit any error in refusing to allow the plaintiff to recover for moneys paid out or incurred by her brother in her behalf for medical attendance in consequence of such injuries. It may be that the physician so in attendance and the persons so furnishing the medicines, respectively, might have recovered therefor, as for necessaries, but these things gave her no right of action for moneys voluntarily paid and liabilities voluntarily

incurred by her brother or her father." And in the case of *Goodhart v. Railroad*, 177 Pa. St. 1, an action for personal injuries, the court announced the double proposition that the plaintiff could neither recover for the value of the services of his family in nursing him, in the absence of an express agreement on his part to remunerate them therefor, nor would he be allowed his claim for time lost, if it could be shown that during the period he was prevented from attending to business on account of his injuries, he received his regular salary as postmaster. Thus showing, as do all the cases cited, that to authorize a recovery on part of the injured plaintiff, there must have been an actual loss to him of time or money, or a liability that the same may or will occur; that when loss has not or can not occur by reason of the action of others gratuitously exercised in behalf of the party injured, or when no legal liability has arisen by reason of restrictions of law against the intervening third party performing the needful services, no action can be maintained.

After a careful reading of all the authorities presented by respondent to sustain his contention, we have been unable to appreciate the reason upon which they have been grounded, or the logic of their conclusions. To say as do all the cases that "the defendant in an action for personal injuries caused by his or its negligence, ought not to profit by the generosity, charity or indulgence extended to plaintiff by a third party," is no answer to the denial of defendant that "plaintiff has been put to great expenses for medicine and the employment of medical assistance and attendance"; nor is the offer of proof of charity, or gratuitous services by a physician, to plaintiff, an answer to that ancient rule of practice, as old as the history of jurisprudence itself, that requires plaintiff to conform his proof to the necessary averment of his petition, which

in this case means that he must show that he has been put to great expenses "for medicine and doctor's bills and will be to great expense in the future."

It does not follow either as a logical or legal conclusion, that because it can be said that a defendant ought not to profit by the gratuity or charities extended to a plaintiff, by a third party, that in an action for personal injuries, based upon the idea of remuneration for liabilities incurred and expenditures made, proof of the value of a charity or gratuity extended, will satisfy the requirements of the law, that demand that the facts as alleged must be proven. The proof of the value of the gratuity exerted in one's behalf, in relief of an injury inflicted, is in no sense the proof of the expense to which one has been put, or the liability incurred in the relief from that injury, and we can find no warrant in law or logic for holding to the view that the proof of the one state of facts justifies the finding of the existence of the other, or that the proof of one raises the presumption of the existence of the other. The instruction telling the jury to find for the value of the service of Dr. Griffith was therefore improper.

But again says the respondent, "even though this court should hold the instruction as given was subject to criticism as erroneous, still the verdict under it, and upon all the testimony, was for the right party, and for that reason the judgment rendered thereon should be affirmed." Whatever might be the views of this court as to the correctness of the judgment in a general way, and even though the verdict was for less than we might think the testimony warranted, still we can not say that an instruction was not prejudicial which directed the finding for a definite item of damages that the jury had no right to consider, and which we must suppose they did consider, in making up the total estimate of damages as indicated by the verdict. To suppose that

the jury considered the instruction would be to conclude that they committed error in estimating plaintiff's damages by the amount of the value of the doctor's services, which according to the testimony, plaintiff never expended or became liable for. This certainly is not a case, where from a consideration of all the facts, the presumption may be indulged, to sustain a verdict and the judgment based thereon, that the jury included no improper elements of damages, for we must presume the jury did as they were instructed, and that was to include an improper item in estimating plaintiff's damages.

The judgment is reversed and the cause remanded for a new trial. BRACE, P. J., WILLIAMS and MARSHALL, JJ., concur.