# No. 14,018.

## CITY OF ENGLEWOOD *v.* BRYANT.
### (68 P. [2d] 913)

Decided May 24, 1937.   Rehearing denied June 14, 1937.

Mr. H. H. DAVIES, Mr. JOHN W. SHIREMAN, Mr. N. L. COMSTOCK, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Mr. CLAUDE W. BLAKE, for defendant in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

Defendant in error is hereinafter referred to as plaintiff, and plaintiff in error as the city.

Plaintiff brought this action against the city claiming damages in the sum of $400 for medical attendance, hospitalization and nursing, plus $5,000 for physical injuries, pain and suffering, all occasioned by a fall on a defective sidewalk. On a verdict in her favor for $2,700 judgment was entered. To review that judgment the city prosecutes this writ. The thirteen assignments are argued under two propositions: (1) The refusal of the court to instruct on mitigation of damages due to plaintiff's failure to exercise proper care and follow the directions of her physician; (2) alleged erroneous instructions to the jury to consider plaintiff's claim for hospitalization and nursing, in the face of undisputed evidence that she had neither paid nor incurred liability therefor.

1. Counsel for plaintiff admit that the city's refused instruction on her duty to minimize damages by reasonable care and obedience to medical directions correctly states the law. It is supported by *Martin v. Grant,* 90 Colo. 300, 307, 8 P. (2d) 764. They maintain, however, that there was no evidence to support it. In this we think they are correct. It seems futile to attempt to establish this negative by any abstract of the testimony. Suffice it to say that the only portion thereof, arising to the dignity of a presumption, was the doctor's direction to put weight on the injured limb. Plaintiff's undisputed testimony was that this was impossible because of the soreness and pain incident to delayed healing, and the physician testified that had this fact been anticipated such directions would not have been given.

2. The entire claim of $400 for medical services, hospitalization and nursing went to the jury under in-

structions which would permit its allowance. For aught we know that sum was so allowed as a part of the verdict. It is clear that medical services and hospitalization were paid for by the county or furnished by the hospital and that plaintiff neither paid these items nor incurred liability therefor. The city tendered an instruction withdrawing them. It was erroneously refused. *Rio Grande S. R. R. Co. v. Campbell,* 44 Colo. 1, 19, 96 Pac. 986; *Morris v. Grand Avenue Ry. Co.,* 144 Mo. 500, 46 S. W. 170. In answer thereto counsel for plaintiff cite sections 5 and 7, chapter 186, S. L. 1923, and sections 8905, 8906, 8907, C. L. 1921. Said chapter 186 provides for the care of certain poor persons, of whom plaintiff was presumably one, at the Colorado General Hospital, and said section 8907 specifies the circumstances under which persons shall be liable for the expenses thereof to the county, which is primarily indebted. Hence, it is said, plaintiff may some day be called upon to reimburse the county for the medical services and hospitalization here furnished. In this connection we note that plaintiff was 31 years old at the time of the accident; that from the age of one and one-half years she had suffered from infantile paralysis; that by reason thereof she had submitted to two operations which left her with a deformity of her left foot requiring the wearing of a brace thereon since; and that for some three years past she had been "on relief." In the light of these facts we look with little favor on a construction which permits her to collect and appropriate what has already been once gratuitously furnished by the county and state. Her possible liability is so remote as to be purely speculative.

For nine months plaintiff was nursed by her mother, who gave practically her whole time to that duty. If paid for by plaintiff the record discloses a minimum value of $180 for that service. As to the city's liability therefor the authorities are not in accord, but this jurisdiction is committed to the doctrine favorable to plaintiff. The city cannot claim the benefit of her mother's gratuitous service, if such it be. *Town of Salida v. McKinna,* 16

Colo. 523, 27 Pac. 810; *Denver & R. G. R. Co. v. Lorentzen,* 79 Fed. 291, 24 C. C. A. 592.

It thus appears that plaintiff may have been allowed by the jury $400 of which she was entitled to but $180. We are reluctant to order a retrial because of this discrepancy if it can be avoided. The judgment is therefore reversed and the cause remanded for a new trial unless, within twenty days of filing the remittitur below plaintiff files therein a written remission of $220, in which event the judgment hereinbefore entered will be reduced accordingly, and so stand.

Reversed and remanded for further proceedings in harmony herewith.

MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.