**John H. McCOY d/b/a Dr. John's,**
**Plaintiff-Appellant,**

**v.**

**Ronald H. RILEY and Phyllis A. Riley,**
**d/b/a Mag–Russ Corporation,**
**Defendants–Appellees.**

**No. 87CA0543.**

Colorado Court of Appeals,
Div. III.

Jan. 19, 1989.

Rehearing Denied Feb. 16, 1989.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Kelly & Stovall, P.C., Lawrence J. Kelly, Avon, for plaintiff-appellant.

Popham, Haik, Schnobrich & Kaufman, Ltd., Richard G. Sander, Denver, for defendants-appellees.

STERNBERG, Judge.

The plaintiff, John McCoy, appeals a summary judgment entered in favor of the defendants, Ronald and Phyllis Riley (Riley). We reverse.

McCoy owned and operated a restaurant and bar in property owned by Riley. The lease between McCoy and Riley provided that Riley would not withhold consent to an assignment unreasonably. Because of financial difficulties, McCoy contracted to sell the business to third parties. Under the sale agreement, the purchaser was to pay a small amount of cash at closing, while the bulk of the purchase price was to be paid in the form of the purchaser's assumption of McCoy's debts. Riley did not consent to the assignment, and the sale did not come to fruition.

McCoy sued claiming that Riley unreasonably withheld consent to the assignment of the lease and thereby frustrated the sale of the restaurant and bar. Thereafter, McCoy filed a petition in bankruptcy, resulting in an order discharging all of his debts associated with the restaurant and bar.

Riley moved for summary judgment, claiming that since the effect of the sale would have been to relieve McCoy of the debts that were subsequently discharged in the bankruptcy proceeding, McCoy sustained no damages as a result of his failure to sell the business. The trial court agreed and granted summary judgment in favor of Riley.

McCoy contends that the trial court erred in finding that his filing of bankruptcy relieved Riley of liability. We agree.

At the outset, the record shows that prior to these proceedings, the bankruptcy trustee had closed the estate and returned the asset of this lawsuit to McCoy. The trustee did so in accordance with 11 U.S.C. § 554(c) (1988 Cum.Supp.), which provides in pertinent part that: "unless the court orders otherwise, any property ... not otherwise administered at the time of the closing of the case is abandoned to the debtor...."

The general rule is that the rights of the parties with respect to a breach of contract are fixed at the time of breach. *Fairway Builders v. Malouf,* 124 Ariz. 242, 603 P.2d 513 (1979); *see also* 25 C.J.S. *Damages* § 74 at 850.

In *Prospero Associates v. Redactron Corp.*, 682 P.2d 1193 (Colo.App.1983), the court applied this general rule and found post-breach market fluctuations to be irrelevant on the issue of damages because damages are measured at the time of breach. *See* 5 A. Corbin, *Contracts* § 1005 at 52. Likewise, McCoy's subsequent filing of bankruptcy is irrelevant in determining whether damages existed at the time of the breach.

Relying on *Denver & Rio Grande R.R. Co. v. Lorentzen*, 79 F. 291 (8th Cir.1887), Riley contends that Colorado law requires McCoy to be legally obligated for the damages incurred before he may pursue this cause of action.

In *Lorentzen*, the court stated:

"The liability of the defendant company for the expenses in question rested upon the ground that they were rendered necessary by its neglect of duty, and that liability was not altered, no matter what arrangements the plaintiff may have made for this payment, or whether she ever pays them.... It is not apparent from this record that the doctors' and nurses' bills which the plaintiff incurred are not a legal charge against her, which she may be compelled to pay."

Riley claims that the *Lorentzen* court would have reached a contrary result if it had been clear from the record that the obligations here in question were not a "legal charge" against the plaintiff. While this may or may not be true, Riley disregards the fact that McCoy was legally obligated for the debts at the only critical time, that is, on the date of the breach. *See Prospero Associates v. Redactron Corp., supra.*

Riley also cites *City of Englewood v. Bryant*, 100 Colo. 552, 68 P.2d 913 (1937). In *Bryant*, the court ordered a remittitur of an award for medical services received by plaintiff, pointing out that such services:

"were paid for by the county or furnished by the hospital and that plaintiff neither paid these items nor incurred liability therefor."

However, the situation in *Bryant* is distinguishable from that here, in that Bryant was never liable for the medical expenses, whereas McCoy was legally obligated to repay the debts incurred at the time of breach.

 Because summary judgment is a drastic remedy, it is never warranted except on a clear showing that there is no genuine issue as to any material fact. *Urban v. Beloit Corp.*, 711 P.2d 685 (Colo. 1985); C.R.C.P. 56. The moving party has the burden of establishing the lack of a triable factual issue, and all doubts as to the existence of such an issue must be resolved against the moving party. *Urban v. Beloit Corp., supra.* The party against whom summary judgment might otherwise be entered is entitled to the benefit of all favorable inferences that may be drawn from the facts. *Mt. Emmons Mining Co. v. Town of Crested Butte*, 690 P.2d 231 (Colo.1984).

 Therefore, because McCoy incurred damages at the time of breach, the summary judgment was unwarranted.

The judgment is reversed and the cause is remanded with directions to reinstate the complaint and for trial on the merits.

VAN CISE and CRISWELL, JJ., concur.