511 P.2d 531 (1973)
Raymond GOMEZ, by his natural parent and next best friend, Esther Rose Camacho et al., Plaintiffs-Appellees,
v.
Harold Osburn BLACK, Defendant-Appellant.
No. 72-164.
Colorado Court of Appeals, Div. I.
June 5, 1973.
*532 Frickey, Cairns & Wylder, Richard H. Cairns, Denver, for plaintiff-appellee Jose Rudolph Manzanares.
Gerash, Gerash & Davis, Michael A. Davis, Denver, for plaintiffs-appellees Raymond Gomez and Esther Rose Camacho.
Yegge, Hall & Evans, Wesley H. Doan, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
This controversy arises out of an automobile-bicycle collision. Plaintiffs, a bicyclist and his passenger, were traveling downhill in an easterly direction on a mountain highway. Defendant, also proceeding in an easterly direction, came upon plaintiffs from the rear at a point in the road from which he could see them ahead of him for approximately one-quarter of a mile. It is undisputed that defendant's vehicle struck the bicycle from the rear, causing the alleged injuries.
The evidence established that the bicycle was in the eastbound lane. The highway, at the point of impact, was divided by a broken white line, and a no-passing yellow line controlled traffic traveling east. The speed limit in this particular stretch of highway is 45 m. p. h. Defendant's speed, prior to the impact, was estimated by the investigating officer to be in the neighborhood of 50 m. p. h.
The parties are not in agreement as to what transpired immediately prior to and at the time of the impact. Plaintiffs offered evidence to the effect that they were well within the confines of the eastbound lane and were not aware of the presence of defendant's vehicle until a split second before the impact. They testified that defendant made no attempt to avoid them; neither swerving to the left nor applying his brakes until after the impact. Defendant countered, contending that as he approached the plaintiffs, he noted that they were riding down the middle of the road, weaving in and out of the two traffic lanes. He maintains that he sounded his horn, with no apparent response from plaintiffs, slowed his car, and steered to the left into the westbound lane attempting to pass the plaintiffs. As he drew abreast of them, he contends that the driver of the bicycle turned his head to look behind him and suddenly swerved the bicycle directly into the path of the defendant.
On this disputed set of facts, the matter was submitted to the jury with instructions on negligence, contributory negligence, and last clear chance. The jury returned a verdict in favor of plaintiffs and judgment was entered thereon. Defendant appeals. We affirm with regard to liability, and reverse with regard to damages.

I.
Defendant's first contention is that this was an improper case for application of the last clear chance doctrine. Initially, we note that there was evidence in the record from which the jury could conclude that defendant was negligent, and that plaintiffs were contributorily negligent. This being so, we must concern ourselves only with whether the facts would support an instruction to the jury on last *533 clear chance. Independent Lumber Co. v. Leatherwood, 102 Colo. 460, 79 P.2d 1052. We conclude that they would.
Defendant's argument has essentially two bases. He first contends, relying on Werner v. Schrader, 127 Colo. 523, 258 P. 2d 766, that plaintiffs were not in a position of inextricable peril, and that, therefore, defendant did not have a better opportunity than plaintiffs to avoid the accident. He also contends, basing his argument on Dwinelle v. Union Pacific RR. Co., 104 Colo. 545, 92 P.2d 741, that since plaintiffs' negligence was concurrent with, not antecedent to his own negligence, he did not have a clear chance to avoid the accident.
First, we find no merit to the argument that plaintiffs were not in a position of peril from which they could not extricate themselves. From the record before us, we conclude that the jury would have determined that plaintiffs were unaware of defendant; that unless defendant took evasive actions, plaintiffs would be injured; and that defendant was aware of this position of peril. This being so, they could properly conclude that defendant had the last chance. Werner v. Schrader, supra.
With regard to whether it was a clear chance, defendant argues that plaintiffs swerved into him in the last instant and any negligence by him would have been concurrent with plaintiffs' negligence. However, it is disputed as to whether plaintiffs did in fact, swerve into him. The evidence would support a conclusion that, if plaintiffs were guilty of a continuing act of negligence in the way they were proceeding down the highway, that defendant was also negligent in that he had ample time to discover and avoid the accident by use of reasonable care, and that he failed to do so. The jury could properly determine that defendant had a clear chance to avoid the accident. Reed v. Barlow, 153 Colo. 451, 386 P.2d 979. We conclude that, under the facts before us, the court properly submitted the theory of last clear chance to the jury.

II.
Defendant's next contention is that the trial court erred by allowing evidence of plaintiffs' medical expenses, since such expenses were paid under the Colorado Medical Assistance Act (Medicaid). 1969 Perm.Supp., C.R.S.1963, 119-12-1 et seq. We agree.
It has long been the rule in Colorado that the collateral source rule does not apply to gratuitous benefits received by plaintiffs from governmental sources. Englewood v. Bryant, 100 Colo. 552, 68 P.2d 913. The Colorado Department of Social Services, as amicus curiae, however argues that this rule should not here be applied since the department has an absolute right to recover such medical expenses. We decline to depart from this established rule.
We do not dispute the department's right and duty to recover expenses its beneficiaries incur. See, e. g., Annot., 7 A.L.R. Fed. 289. However, to do so, it must either join in the action against the wrongdoer, assign its right to the recipient, or file its own action. Since none of these conditions were met in the instant case, these plaintiffs could not recover the expenditures on their own behalf or on behalf of the state. Similar reasoning has been applied to some cases involving recipients of federal medical payments, Annot., 7 A.L.R. Fed. 289, and it is the rule that we think is most consistent with Colorado's previously cited position on the collateral source rule in this context.
Pursuant to the rule and disposition announced in Englewood v. Bryant, supra, the cause is remanded for a new trial on the issue of damages unless plaintiffs file a written remission in the amount of the Medicaid payments within twenty days from the filing of the mandate in the trial court.
Judgment affirmed in part, reversed in part and remanded with directions.
COYTE and SMITH, JJ., concur.