Maria VU, Plaintiff–Appellee,

v.

Amy FOUTS, Defendant–Appellant.

No. 94CA1812.

Colorado Court of Appeals,
Div. IV.

Feb. 22, 1996.

As Modified on Denial of Rehearing
April 4, 1996.

Certiorari Denied Oct. 15, 1996.

four-lane road down a steep hill. Both parties and the investigating officer testified that road conditions were icy and snowy. The circumstances leading to the collision were disputed at trial.

Defendant testified that, just before the accident, plaintiff passed her on the left and lost control of her vehicle as she moved back into the right-hand lane in front of defendant. According to defendant, plaintiff then hit the curb and bounced back in front of defendant. Defendant stated that she tried to brake but could not avoid colliding into the rear of plaintiff's vehicle.

Plaintiff, on the other hand, testified that she had not changed lanes, that she slowed substantially for the hill, and that her vehicle was struck in the rear by defendant's vehicle.

At trial, the court excluded the testimony of two of the passengers in defendant's vehicle, granted a directed verdict deciding that the statutory threshold had been reached, and rejected defendant's tendered instruction on the sudden emergency doctrine.

### I.

Defendant asserts that the trial court erred in granting plaintiff's motion in limine to exclude testimony of two non-party witnesses for the defendant for their failure to appear at deposition. We disagree.

The two witnesses excluded from testifying by plaintiff's motion were passengers in defendant's vehicle at the time of the accident. The court granted the motion based on the failure of those witnesses to appear for deposition by plaintiff, despite service of subpoenas, and on the prejudice to plaintiff that would result from allowing those witnesses to testify after evading the discovery process.

Beem & Mann, P.C., Stuart D. Mann, Denver, for Plaintiff–Appellee.

Anderson, Campbell & Laugesen, P.C., Franklin D. Patterson, Christopher Robbins, Denver, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

In this action for damages for personal injuries arising from an automobile collision, defendant, Amy Fouts, appeals from a judgment entered on a jury verdict finding her negligent and awarding damages to plaintiff, Maria Vu. We affirm.

A car driven by defendant collided with the rear of plaintiff's vehicle as the parties were traveling in the extreme right-hand lane of a

However, defendant argues that it was plaintiff who set the deposition dates so close to trial, thereby leaving plaintiff no time to file a motion to compel under C.R.C.P. 37(a) and C.R.C.P. 37(b)(1) after the witnesses failed to appear. The court's response, defendant claims, wrongly sanctioned her for the actions of witnesses that were not under her control. Defendant also asserts that no offer of proof is needed to preserve her right

to appeal on these grounds because witnesses were listed in defendant's disclosure certificate and their testimony is relevant and admissible based on their status as passengers in her vehicle at the time of the accident. We reject these arguments.

A trial court has considerable discretion in deciding questions concerning the admissibility of evidence, and to show an abuse of discretion, a party must establish that, under the circumstances, the court's decision was manifestly arbitrary, unreasonable, or unfair. *People v. Ibarra*, 849 P.2d 33 (Colo. 1993).

To preserve for review an objection to the exclusion of evidence, a party must make a proper offer of proof which demonstrates the relevance and admissibility of the evidence. *Melton v. Larrabee*, 832 P.2d 1069 (Colo.App.1992). *See* CRE 103(a); *People v. Hise*, 738 P.2d 13 (Colo.App.1986) (because a party failed to make an offer of proof, reviewing court was unable to determine in what way the exclusion of evidence was prejudicial, and error, if any, was harmless).

At the hearing on the motion in limine, immediately before the beginning of the trial, defendant made no offer of proof concerning the content or importance of the testimony excluded by the motion. Defense counsel represented to the court only that she did not have any control over those witnesses and that, in fact, she did not know if they were going to appear at court because they had failed to honor a subpoena up to that point. Defense counsel further suggested that plaintiff be afforded the opportunity to speak to the witnesses before they gave testimony, should they appear. Thus, the court had no information upon which to make a determination at that time.

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. CRE 103(a).

A party's substantial right is affected by the exclusion of evidence if it can be said with fair assurance that the error influenced the outcome of a case or impaired the basic fairness of the trial itself. *Cherry Creek School District No. 5 v. Voelker*, 859 P.2d 805 (Colo.1993).

Defendant testified and also presented one eyewitness at trial who was also a passenger at the time of the accident. Defendant's argument that the testimony of that witness was useless because she did not have the perspective of the other two witnesses is unsubstantiated. Also, it was not until defendant testified at trial that the court was informed that one witness was seated in the front passenger seat of defendant's vehicle and that the other remarked that plaintiff's vehicle was sliding.

Thus, it is not clear from the record that the excluded testimony was essential to defendant's case or that it would have added anything to the testimony of the witness that testified. Hence, defendant has not demonstrated that reversal is warranted under CRE 103(a).

Additionally, defendant has failed to cite any authority supporting her argument that the court erred by excluding the testimony of the two witnesses under circumstances that precluded the deposing party from having time to pursue a motion to compel. The cases cited by defendant in support of that claim, *Kennedy v. Pelster*, 813 P.2d 845 (Colo.App.1991) and *Kwik Way Stores, Inc. v. Caldwell*, 745 P.2d 672 (Colo.1987), concern prejudicial error arising from rulings that resulted in a judgment of dismissal or default, not the exclusion of evidence.

Under these circumstances, we conclude that the court did not abuse its discretion in excluding the testimony.

## II.

Defendant next asserts that, because of evidence that would support a contrary finding, the trial court improperly granted a directed verdict on the issue of threshold damages pursuant to § 10-4-714, C.R.S. (1994 Repl.Vol. 4A) and refused to instruct the jury as to such threshold damages. We disagree.

At trial, the court ruled against issuing a threshold tort instruction on grounds that the evidence showing $2,500 in reasonable and necessary expenses was undisputed.

█ A directed verdict as to whether a statutory threshold has been reached is proper only if the evidence regarding the extent and the cause of the injury is so clear that reasonable persons could not arrive at a contrary verdict. *Pinell v. McCrary,* 849 P.2d 848 (Colo.App.1992).

Defendant argues that, here, the court disregarded testimony by an expert medical witness for the defense that some of the medical treatment received by the plaintiff was unnecessary and that some records were not well documented, making it impossible to judge the necessity of that treatment.

█ However, it was undisputed that, at the time of trial, plaintiff had already incurred over $18,000 in medical expenses. Further, under cross-examination by plaintiff, the defendant's medical expert stated that the treatment provided by one of plaintiff's physicians was "overall appropriate." The record indicates that the cost of this physician's treatment totaled $8,982. In addition, the same expert had no opinion as to whether the medical bills for plaintiff's physicians were reasonable.

Consequently, we hold that the directed verdict by the trial court ruling that the statutory threshold was met was not error.

### III.

We also reject defendant's contention that reversible error occurred by virtue of the trial court's refusal to submit to the jury defendant's tendered instruction on the sudden emergency defense when testimony from both parties supported such an instruction.

█ The giving of an instruction on the sudden emergency doctrine is appropriate when sufficient evidence exists that a party acted in an emergency situation not caused by that party's own negligence. Further, a trial court has a duty to instruct the jury on sudden emergency when it is requested by a party and the request is supported by competent evidence of the existence of a sudden emergency. *Davis v. Cline,* 177 Colo. 204, 493 P.2d 362 (1972) (refusal to instruct was prejudicial error).

█ Moreover, it may be proper to give a sudden emergency instruction in automobile accident cases involving a rear-end collision. Such an instruction requires the finder of fact to apply the reasonable person standard to an actor in the specific context of an emergency situation. *Young v. Clark,* 814 P.2d 364 (Colo.1991).

█ However, it is not error for a trial court to refuse an instruction on a particular issue if other instructions adequately inform the jury of the applicable law. *States v. R.D. Werner Co.,* 799 P.2d 427 (Colo.App.1990).

█ Nevertheless, even when an instruction on sudden emergency is given, whether the course of conduct chosen by the party under the circumstances is reasonable and prudent is a question of fact to be determined by the trier of fact, as is the question whether there is an emergency. *Stewart v. Stout,* 143 Colo. 70, 351 P.2d 847 (1960).

Here, even if we assume there was sufficient evidence to support the giving of the instruction requested on sudden emergency, we nevertheless conclude that failure to instruct as requested was not reversible error.

The instruction given on defendant's claim provided:

> The defendant also claims that she was faced with a sudden emergency when the plaintiff lost control of the vehicle she was driving, slid downhill and crossed into the lane in which defendant was driving. Defendant maintains she did not have time to stop or otherwise avoid plaintiff's vehicle when it veered into her lane. Defendant maintains she was left no option but to slide into the rear of plaintiff's vehicle.

As to negligence, the jury was instructed: "Negligence means a failure to do an act which a reasonably careful person would do or the doing of an act which a reasonably careful person would not do, under the same or similar circumstances to protect oneself or others from bodily injury."

Defendant's requested instruction, based on *CJI–Civ.3d* 9:10 (1988), stated:

> A person who, through no fault of his or her own, is placed in a sudden emergency, is not chargeable with negligence if the person exercises that degree of care which

a resonably [sic] careful person would have exercised under the same or similar circumstances.

Here, defendant focuses on the sufficiency of the evidence to support the giving of an instruction, but does not articulate why the instructions given were not adequate. And, we conclude that the given instructions did adequately present the issue of sudden emergency to the jury for its consideration.

While in *Davis v. Cline, supra,* the failure to give a sudden emergency instruction was ruled prejudicial error, the record there did not contain any statement of reasons for the denial. Nor is there any indication that, in addition to the negligence instruction, an instruction setting forth defendant's claim of sudden emergency was given.

Nor does *Young v. Clark, supra,* mandate reversal. There, an instruction on sudden emergency was given and the supreme court was addressing the propriety of giving such an instruction, not the adequacy of other instructions given. While the supreme court rejected the argument that the instruction adds nothing to the law of negligence, it also stated:

> The pattern instruction [on sudden emergency] ... obligates the finder of fact to do nothing more than apply the objective 'reasonable person' standard to an actor in the specific context of an emergency situation. It thus does not operate to excuse fault but merely serves as an explanatory instruction, offered for purposes of clarification for the jury's benefit. *Young v. Clark, supra,* 814 P.2d at 368.

In the present case, the jury was instructed on defendant's claim of sudden emergency and defendant's counsel was allowed to argue to the jury that defendant was confronted with a sudden emergency.

Hence, under these circumstances; the trial court did not err when it declined to instruct the jury on sudden emergency in the specific language requested by defendant.

The judgment is affirmed.

BRIGGS and KAPELKE, JJ., concur.