Elsie Bernice CHAVEZ,
Plaintiff–Appellee,

v.

PARKVIEW EPISCOPAL MEDICAL CENTER, Defendant–Appellant.

No. 00CA739.

Colorado Court of Appeals,
Div. I.

June 21, 2001.

Lee N. Sternal, P.C., Lee N. Sternal, Pueblo, CO, for Plaintiff–Appellee.

Pryor Johnson Montoya Carney & Karr, P.C., Elizabeth C. Moran, Englewood, CO, for Defendant–Appellant.

Salmon, Lampert & Clor, P.C., Brian J. Lampert, Englewood, CO, for Amicus Curiae Colorado Trial Lawyers Association.

Opinion by Chief Judge HUME.

Defendant, Parkview Episcopal Medical Center (Parkview), appeals the judgment entered on a jury verdict in favor of plaintiff, Elsie Bernice Chavez, on her negligence claim against Parkview. We affirm.

Plaintiff received an over-infusion of Demerol, a narcotic, following shoulder surgery at Parkview in 1995. The over-infusion occurred when the Demerol escaped from the syringe in a Patient Controlled Analgesia (PCA) pump, an apparatus which permits the patient to self-administer intravenous pain medication. As a result of this event, plaintiff, a licensed practical nurse, suffered mild global brain damage and is unable to continue in her occupation or in her training to become a registered nurse.

Baxter Healthcare Corporation (Baxter) manufactured both the PCA pump and the plastic tubing extension set used in the incident. Although Baxter produced several models of extension sets that incorporated anti-siphon valves, the model Parkview purchased did not possess that feature.

Plaintiff sued both Parkview and Baxter, but entered into a settlement agreement with Baxter. Parkview then designated Baxter as a nonparty at fault. Parkview also later attempted to designate the syringe manufacturer, Becton Dickinson (B–D), as a nonparty

at fault, but the court denied the motion as untimely and lacking merit.

At trial, plaintiff proceeded on the theories that the Parkview nurse incorrectly loaded the syringe and that Parkview negligently failed to utilize an extension set with an anti-siphon valve. The jury found for plaintiff, awarding past and future noneconomic damages totaling $325,000 and past and future economic damages totaling $475,000. The jury apportioned fifty-five percent fault to Baxter and forty-five percent fault to Parkview, resulting in the judgment against Parkview for the principal amount of $360,000 plus prejudgment interest and costs.

## I.

Parkview argues that the trial court erred by denying its request to designate B–D as a nonparty at fault and also by granting plaintiff's motion in limine to exclude any evidence that the over-infusion was caused by a defective syringe. We perceive no error.

■ Parkview concedes that evidentiary rulings are reviewed on an abuse of discretion standard and are reversible only if they are manifestly arbitrary, unreasonable, or unfair. *Hock v. New York Life Ins. Co.*, 876 P.2d 1242 (Colo.1994).

### A.

Section 13–21–111.5(3)(a), C.R.S.2000, allows evidence of nonparty fault to be considered, providing that the following requirements set forth in § 13–21–111.5(3)(b), C.R.S.2000, are met.

> Negligence or fault of a nonparty may be considered if the claimant entered into a settlement agreement with the nonparty or if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary. The notice shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing

such nonparty to be at fault. Designation of a nonparty shall be subject to the provisions of section 13–17–102.

■ Here, the trial court determined that Parkview was untimely in attempting to designate B–D as a nonparty some seven months after the case was initiated and that it also failed to provide a brief statement describing the basis for fault. In addition, the court found that the information concerning B–D's potential fault was previously available to Parkview and that Parkview had discarded the syringe following the incident. Although Parkview argues on appeal that plaintiff's changing theory of liability justified its late designation of B–D, the trial court found that plaintiff's amended complaint did not justify the late designation, because Parkview conceded that it contained no new allegations. Given these facts, we perceive no error in the court's determination.

### B.

■ Nonetheless, Parkview contends that, even if the trial court properly denied its motion to designate B–D as a nonparty, the court erred by refusing to admit evidence that a failure of the syringe manufactured by B–D may have caused plaintiff's over-infusion. We do not agree.

We note initially that Parkview destroyed the syringe involved in this incident without inspecting it, but did inspect the same model syringe, which had been used in a later siphoning incident involving the same nurse, and found nothing wrong with it. Further, no Parkview expert stated that syringe failure was a probable cause of the siphoning. *See* CRE 702; *Thirsk v. Ethicon, Inc.*, 687 P.2d 1315 (Colo.App.1983)(medical opinion is admissible if founded on reasonable medical probability). Thus, it does not appear that there was evidence of syringe failure.

Although Parkview relies upon *Thirsk v. Ethicon* for the proposition that a defendant may present evidence of other possible causes of the plaintiff's injury in order to counter the plaintiff's causation evidence, that case was decided before the General Assembly enacted § 13–21–111.5(3)(a). Nor

does *Staley v. Bridgestone/Firestone, Inc.,* 106 F.3d 1504 (10th Cir.1997), persuade us otherwise, because there the Tenth Circuit merely approved the trial court's discretionary ruling allowing evidence that a nondesignated nonparty was the purported sole cause of the injury.

Here, even if evidence of syringe failure existed, plaintiff also alleged that Parkview was negligent in failing to use anti-siphon tubing, and Parkview actively sought apportionment of negligence or fault among itself, Baxter, and B–D. Furthermore, the record indicates that the trial court stated that it would allow Parkview to provide evidence of a sole cause other than its own negligence. Thus, Parkview was not entirely foreclosed from presenting evidence of other causes.

In *Thompson v. Colorado & Eastern Railroad Co.,* 852 P.2d 1328, 1330 (Colo.App. 1993), a division of this court held that

a court may not allow the finder of fact to consider the negligence or fault of a nonparty unless such issue has been properly raised by the defendant in a pleading which complies with the requirements of § 13–21–111.5(3), C.R.S. . . . .

Following that rule, and under these circumstances, we perceive no abuse of discretion in the court's decision to exclude the evidence.

## II.

■ Parkview also argues that the trial court erred in excluding evidence of a notice Baxter sent in January 2000 reporting siphoning incidents and directing that only anti-siphon extension sets be used with the PCA pump. Again, we perceive no reversible error.

Under CRE 407, evidence of subsequent remedial measures is not admissible to prove negligence or culpable conduct, but it may be offered for another legitimate purpose. *White v. Caterpillar, Inc.,* 867 P.2d 100 (Colo. App.1993).

Parkview argues that the evidence was offered to counter plaintiff's contention that it should have known in 1995 that only anti-siphon sets should be used with the PCA pump. However, the trial court excluded the

evidence as a subsequent remedial measure under the rule and also concluded that the notice was irrelevant as to Parkview's negligence when the incident occurred. Further, the jury heard about the contents of the notice on cross-examination of plaintiff's expert. Consequently, we perceive no reversible error resulting from the trial court's ruling in this instance.

## III.

Nor do we perceive any error in the court's refusal to reduce plaintiff's noneconomic damages to $250,000, pursuant to § 13–64–302, C.R.S.2000, before apportioning damages between Parkview and Baxter.

Section 13–64–302(1), C.R.S.2000, provides a cap on damages, including noneconomic damages, recoverable against a health care professional or institution:

The total amount recoverable for all damages for a course of care for all defendants in any civil action for damages in tort brought against a health care professional . . . or a health care institution . . . whether past damages, future damages, or a combination of both, shall not exceed one million dollars, present value per patient, including any derivative claim by any other claimant, of which not more than two hundred fifty thousand dollars, present value per patient, including any derivative claim by any other claimant, shall be attributable to noneconomic loss or injury, as defined in section 13–21–102.5(2)(a) and (2)(b), whether past damages, future damages, or a combination of both . . . .

The statute was enacted to contain the "increasing costs of malpractice insurance for medical care institutions and licensed medical care professionals" and to prevent the "exodus of professionals from health care practice." Section 13–64–102, C.R.S.2000.

■ Here, the jury awarded plaintiff past and future noneconomic damages of $325,000. Because Baxter is not a health care institution, the trial court did not reduce the amount to $250,000 prior to apportioning Parkview's forty-five percent fault at

$146,250, well below the statutory cap for health care institutions.

In our view, § 13–64–302 plainly limits recovery only against a health care professional or a health care institution. Because Baxter is neither of those, we conclude that the court correctly refused to reduce the noneconomic damages award to the statutory limit prior to apportioning fault. *See Evans v. Colo. Permanente Med. Group, P.C.,* 902 P.2d 867 (Colo.App.1995) (statute applies in civil claim for medical malpractice when all defendants meet definition of health care professional), *aff'd in part & rev'd in part,* 926 P.2d 1218 (Colo.1996).

### IV.

■ Lastly, we reject Parkview's contention that the trial court abused its discretion by awarding plaintiff the full amount of her costs, including costs associated with her expert.

■ The trial court has broad discretion in awarding costs to prevailing parties. *See* § 13–16–104, C.R.S.2000; *Cherry Creek School District # 5 v. Voelker,* 859 P.2d 805 (Colo.1993). We perceive no abuse of discretion in the trial court's award here.

The judgment is affirmed.

Judges METZGER and ROY concur.