2013 COA 103

**James C. SMITH and Dona Laurita, Plaintiffs–Appellees,**

v.

**Alan W. KINNINGHAM and Accelerated Network Solutions, Inc., Defendants–Appellants.**

**Court of Appeals Nos. 12CA0156 & 12CA0157**

Colorado Court of Appeals, Div. V.

Announced July 3, 2013

Rehearing Denied Aug. 15, 2013

**260**

The Paul Wilkinson Law Firm, LLC, Rebecca B. Albano, Denver, Colorado; The Fowler Law Firm, LLC, Timms R. Fowler, Fort Collins, Colorado, for Plaintiffs–Appellees

Jones, Waters, Geislinger & Seymour, LLC, Teresa W. Seymour, Jeffrey A. Garcia, Greenwood Village, Colorado, for Defendants–Appellants

Opinion by JUDGE TERRY

¶ 1 Defendants, Alan W. Kinningham and Accelerated Network Solutions, Inc. (ANS), appeal the trial court's entry of judgment in favor of plaintiffs, James C. Smith and Dona Laurita. They also appeal several of the trial court's orders. ANS further appeals the trial court's order denying its motion to deem it a prevailing party and award costs and attorney fees. We affirm in part, reverse in part, and remand with directions.

¶ 2 As an issue of first impression, we consider the application of section 10–1–135(10)(a), C.R.S.2012, which codified the pre-verdict evidentiary component of the collateral source rule, to evidence of Medicaid benefits paid on behalf of a plaintiff. We conclude that such evidence is inadmissible at trial under that statute. Also as an issue of first impression, we conclude that section 10–1–135(10)(a) has abrogated the so-called "gratuitous government benefits" exception to the collateral source rule.

## I. Background

¶ 3 Kinningham and Smith were involved in a car accident on a one-way street in Denver. Smith was stopped at a red light and Kinningham was stopped behind him. When the signal changed to green, they proceeded through the intersection. After they crossed the intersection, a driver in a third vehicle—not involved in this action—entered traffic driving the wrong way, and headed toward Smith. Smith braked suddenly to avoid hitting this third vehicle. Kinningham also braked, but was unable to stop in time and rearended Smith's car.

¶ 4 Kinningham was part owner of ANS. ANS was the insured under a policy of insurance on the car that Kinningham was driving, but ANS did not own the car.

¶ 5 Smith and his wife, Laurita, brought this action against Kinningham and ANS. At the close of plaintiffs' case-in-chief, the trial court granted ANS's motion for directed verdict on all claims against it. The jury returned a verdict in favor of plaintiffs and against Kinningham. The trial court denied Kinningham's motions for a mistrial and a new trial.

## II. Discussion

¶ 6 Defendants raise numerous issues on appeal. In particular, they argue that the trial court erred when it (1) granted plaintiffs' motion in limine to exclude evidence of Medicaid benefits, and denied their C.R.C.P. 56(h) motion for a determination of a question of law on that issue; (2) refused to issue an instruction to the jury on the "sudden emergency" doctrine; (3) denied Kinningham's request for a hearing on the reasonableness of plaintiffs' costs; (4) denied ANS's motion to deem it a prevailing party and award it attorney fees and costs; (5) denied their motion for enlargement of time to designate a non-party at fault; (6) denied their motion for sanctions against plaintiffs; (7) permitted plaintiffs to introduce evidence of liability insurance; (8) admitted evidence of Kinningham's blood alcohol content; and (9) denied their motions for a mistrial and a new trial. While we disagree with the majority of these contentions, we agree that Kinningham was entitled to a hearing on plaintiffs' costs, and that ANS should have been awarded costs as a prevailing party.

### A. Evidence of Collateral Source Benefits

¶ 7 We first consider, and reject, defendants' argument that the trial court erred in

granting plaintiffs' pretrial motion to exclude evidence of Medicaid benefits that were paid on Smith's behalf for medical services he received.

### 1. Standard of Review

¶ 8 In their response to plaintiff's motion in limine and their C.R.C.P. 56(h) motion for a determination of law, defendants argued that certain evidence—namely, evidence of alleged Medicaid benefits paid on behalf of Smith and the amounts paid to or accepted by Smith's medical providers—was relevant and admissible as evidence of receipt of gratuitous government benefits. Contrary to plaintiffs' argument, by thus raising these issues in the trial court, defendants properly preserved them for appeal. *See Vu v. Fouts,* 924 P.2d 1129, 1131 (Colo.App.1996) (to preserve for review an objection to the exclusion of evidence, a party must demonstrate the relevance and admissibility of the evidence); *see also* CRE 103(a)(2) ("Once the court makes a definitive ruling on the record admitting or excluding evidence, *either at or before trial,* a party need not renew an objection or offer of proof to preserve a claim of error for appeal.") (emphasis added); *Silva v. Wilcox,* 223 P.3d 127, 131 (Colo.App.2009) (issue was sufficiently preserved for appeal in appellant's response to a pretrial motion in limine).

¶ 9 We review a trial court's evidentiary rulings, including pretrial rulings, for an abuse of discretion. *Wal–Mart Stores, Inc. v. Crossgrove,* 2012 CO 31, ¶ 7, 276 P.3d 562; *Ehrlich Feedlot, Inc. v. Oldenburg,* 140 P.3d 265, 272 (Colo.App.2006). A court abuses its discretion when it rules based on an erroneous application of the law, or when its decision is manifestly arbitrary, unreasonable, or unfair. *Haralampopoulos v. Kelly,* —— P.3d ——, ——, 2011 WL 4908743 (Colo.App. No. 10CA0668, Oct. 13, 2011) (*cert. granted* Sept. 24, 2012); *Vu,* 924 P.2d at 1131.

¶ 10 Statutory interpretation is a question of law subject to de novo review. *Sperry v. Field,* 205 P.3d 365, 367 (Colo.2009); *Colo. State Bd. of Pharmacy v. Priem,* 2012 COA 5, ¶ 16, 272 P.3d 1136. When interpreting a statute, "we look first to the plain language of the statute, giving the language its commonly accepted and understood meaning." *Smith v. Exec. Custom Homes, Inc.,* 230 P.3d 1186, 1189 (Colo.2010) (citations omitted). "If a statute is clear and unambiguous on its face, then we need not look beyond the plain language, and we must apply the statute as written." *Vigil v. Franklin,* 103 P.3d 322, 327 (Colo.2004) (citations omitted).

### 2. Analysis

¶ 11 Colorado's original common law collateral source rule had two distinct components. Under the pre-verdict evidentiary component, evidence of benefits received by a plaintiff from a collateral source—meaning a source independent of the tortfeasor—was to be excluded during trial. The post-verdict component barred a trial court from reducing a successful plaintiff's award on account of the plaintiff's receipt of a collateral source benefit. *Wal–Mart Stores,* ¶¶ 11–13.

¶ 12 Because the issue on appeal involves only whether the trial court erred in excluding evidence of Smith's alleged Medicaid benefits and amounts paid by Medicaid to his healthcare providers, and we are not being asked to determine whether plaintiffs' award should have been reduced post-verdict, we are concerned only with the pre-verdict evidentiary component of the rule, and we need not consider the post-verdict provisions of section 13–21–111.6, C.R.S.2012.

#### a. Medicaid Benefits are Paid by a "Collateral Source"

¶ 13 "A collateral source is a person or company, wholly independent of an alleged tortfeasor, that compensates an injured party for that person's injuries." *Smith v. Jeppsen,* 2012 CO 32, ¶21, 277 P.3d 224; *accord Carr v. Boyd,* 123 Colo. 350, 356–57, 229 P.2d 659, 663 (1951) ("Benefits received by the plaintiff from a source other than the defendant and to which he has not contributed are not to be considered in assessing the damages.") (citation omitted).

¶ 14 Though Social Security disability benefits have already been determined to be collateral sources, no Colorado appellate decision has yet addressed whether evidence of Medicaid benefits must be excluded as com-

ing from a collateral source. *See Barnett v. Am. Family Mut. Ins. Co.*, 843 P.2d 1302, 1309–10 (Colo.1993); *see also Haralampopoulos,* — P.3d at —— (assuming, without deciding, that the collateral source rule applies to Medicare and Medicaid benefits); *Green v. Denver & Rio Grande Western R.R. Co.*, 59 F.3d 1029, 1032 (10th Cir.1995) ("Our cases have always treated payments from the public treasury, at least when funded by a tax scheme to which the injured party contributed, as from a collateral source."); *Berg v. United States*, 806 F.2d 978, 986 (10th Cir.1986) (concluding that Medicare benefits are a collateral source, and thus the plaintiff's award should not be reduced pursuant to Colorado's collateral source rule).

¶ 15 Here, the alleged Medicaid benefits were paid on Smith's behalf, and fall squarely within the definition of a collateral source. Therefore, we reject defendants' argument that the trial court erred by not determining whether they were collateral source benefits before it excluded evidence of Medicaid payments at trial. *See McLaughlin v. BNSF Ry. Co.*, 2012 COA 92, ¶¶57–58, 300 P.3d 925 (concluding that Railroad Retirement Act disability benefits were a collateral source, and rejecting the defendant's argument that its contributions to those benefits made them non-collateral (citing *Eichel v. New York Cent. R.R. Co.*, 375 U.S. 253, 254, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963))).

### b. Evidence of Payment of Medicaid Benefits on Behalf of Plaintiff Was Inadmissible at Trial

■ ¶ 16 The pre-verdict evidentiary component of the collateral source rule was codified in section 10–1–135(10)(a), and states, "The fact or amount of *any* collateral source payment or benefits shall not be admitted as evidence in any action against an alleged third-party tortfeasor." (Emphasis added.) *See also Smith*, 2012 CO 32, ¶¶13–19, 277 P.3d 224 (section 10–1–135(10)(a) unambiguously codifies the pre-verdict component of the collateral source rule).

¶ 17 Section 10–1–135 applies to cases resulting in recoveries occurring after August 11, 2010, the effective date of the statute. *Smith*, ¶¶ 9–12. Because the judgment awarding plaintiffs their recovery was entered on October 7, 2011, well after the statute went into effect, section 10–1–135(10)(a) applies here.

¶ 18 The supreme court has determined that, in collateral source cases, the pre-verdict evidentiary component of the collateral source rule prevails over the older "reasonable value rule," which allowed trial courts to admit evidence of the amount actually paid for healthcare services. Thus, evidence of the amounts paid for medical services is barred in such cases. *Wal–Mart Stores*, ¶ 20.

¶ 19 We reject defendants' argument that evidence of Medicaid benefits was admissible as evidence of "gratuitous government benefits." *See City of Englewood v. Bryant*, 100 Colo. 552, 68 P.2d 913 (1937); *Gomez v. Black*, 32 Colo.App. 332, 511 P.2d 531 (1973). To the extent that *City of Englewood* and *Gomez* stand for the proposition that evidence of gratuitous government benefits is admissible at trial, we conclude that section 10–1–135(10)(a) has abrogated the gratuitous government benefits exception to the collateral source rule.

¶ 20 Our conclusion finds support in recent supreme court case law. In concluding that evidence of amounts paid for a plaintiff's medical costs is inadmissible for any purpose, the supreme court in *Wal–Mart Stores* reasoned that by admitting such evidence, the jury could infer the existence of a collateral source, such as an insurance company, Medicare, or Medicaid:

> Admitting amounts paid evidence for any purpose, including the purpose of determining reasonable value, in a collateral source case carries with it an unjustifiable risk that the jury will infer the existence of a collateral source—most commonly an insurer—from the evidence, and thereby improperly diminish the plaintiff's damages award.

> Due to the nature of modern healthcare billing practices, a reasonable juror could easily infer the existence of a collateral source if presented with evidence, for example, that the provider accepted $40,000 in satisfaction of a $250,000 medical bill.

Healthcare providers routinely accept payment from private insurance companies significantly below the amount billed to a patient because the provider receives advantages from dealing with insurance companies beyond simple payment. These benefits include the assurance of prompt reimbursement, assured collectability of the reduced amount, increased administrative efficiency in collection, and access to a larger patient pool comprised of the insurer's customers.

Additionally, the government sets the rates that providers who honor public insurance programs, like Medicare and Medicaid, must accept for certain services. These amounts are often significantly lower than those billed by the provider. Thus, as is the case with private insurance companies, healthcare providers accept significantly less than the amount billed for certain services in satisfaction of government insured patients' bills.

*Wal–Mart Stores*, ¶¶ 20–22 (citations omitted). Here, for the reasons stated in *Wal–Mart Stores*, we conclude that evidence of Medicaid payments was properly excluded at trial.

¶ 21 Numerous other jurisdictions have reached the same conclusion regarding Medicaid benefits. *See, e.g., Herbst v. L.B.O. Holding, Inc.*, 783 F.Supp.2d 262, 267 (D.N.H.2011); *Bennett v. Haley*, 132 Ga.App. 512, 208 S.E.2d 302, 310–12 (1974); *Bynum v. Magno*, 101 P.3d 1149, 1162–63 (Haw. 2004); *Wills v. Foster*, 229 Ill.2d 393, 323 Ill.Dec. 26, 892 N.E.2d 1018, 1033 (2008); *Law v. Griffith*, 457 Mass. 349, 930 N.E.2d 126, 132–36 (2010); *Cates v. Wilson*, 321 N.C. 1, 361 S.E.2d 734, 736 (1987); *Papke v. Harbert*, 738 N.W.2d 510, 530, 536 (S.D.2007); *Wilson v. IHC Hospitals, Inc.*, 289 P.3d 369, 381 (Utah 2012); *see also Montgomery Ward & Co. v. Anderson*, 334 Ark. 561, 976 S.W.2d 382, 385 (1998) (concluding that the trial court did not err in excluding evidence of gratuitous medical services because they are a collateral source not to be considered in assessing damages).

¶ 22 Under section 10–1–135(10)(a), evidence of Medicaid benefits paid on behalf of a plaintiff is inadmissible at trial for any purpose, and thus the trial court did not err in excluding evidence of Medicaid benefits paid on Smith's behalf. *See Cole v. Hotz*, 758 P.2d 679, 682 (Colo.App.1987) (an appellate court may affirm a trial court's decision on grounds different from those relied on by the trial court).

### B. Sudden Emergency Instruction

¶ 23 For the reasons stated in *Bedor v. Johnson*, 2013 CO 4, ¶¶23–34, 292 P.3d 924, which abolished the sudden emergency doctrine, we reject defendants' contention that the trial court erred in declining to give their tendered instruction on the sudden emergency doctrine.

### C. Hearing on Plaintiffs' Costs

¶ 24 Defendants contend that the trial court erred in awarding plaintiffs their costs without holding an evidentiary hearing to determine the reasonableness of those costs. We agree.

¶ 25 Plaintiffs requested an award of their costs, a significant component of which was to compensate plaintiffs for expert witness fees. Defendants objected to the award and requested an evidentiary hearing on the reasonableness and necessity of the costs. The trial court erred in awarding plaintiffs their costs and expert witness fees without conducting an evidentiary hearing, as requested. *Kim v. Grover C. Coors Trust*, 179 P.3d 86, 98 (Colo.App.2007) (a party who requests a hearing on the reasonableness and necessity of costs is entitled to such a hearing); *Dillen v. HealthOne, L.L.C.*, 108 P.3d 297, 302 (Colo. App.2004) (same). We therefore vacate the order awarding costs, and remand for an evidentiary hearing on this issue.

### D. ANS's Motion to be Declared a Prevailing Party

¶ 26 ANS argues that the trial court erred in denying its motion to be declared a prevailing party, and in denying its request for attorney fees and costs. We agree that ANS was a prevailing party and was entitled to recover its costs. However, we conclude that it was not entitled to an attorney fees award.

### 1. Standard of Review

¶ 27 The determination of an award of costs under section 13–16–105, C.R.S.2012, and C.R.C.P. 54(d), including the determination of which participants are prevailing parties, rests in the sound discretion of the trial court, and we will not disturb the court's determination absent an abuse of that discretion. *Archer v. Farmer Bros. Co.*, 90 P.3d 228, 230 (Colo.2004); *Reyher v. State Farm Mut. Auto. Ins. Co.*, 2012 COA 58, ¶35, 280 P.3d 64; *Wark v. McClellan*, 68 P.3d 574, 582(Colo.App.2003). We also review for abuse of discretion a trial court's decision with respect to the imposition of attorney fees or sanctions under section 13–17–102, C.R.S.2012, or C.R.C.P. 11. *Stearns Management Co. v. Mo. River Services, Inc.*, 70 P.3d 629, 633 (Colo.App.2003).

### 2. Costs

■ ¶ 28 Under section 13–16–105, a prevailing defendant may recover the reasonable and necessary costs it incurred in defending litigation. *See also Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1186–87 (Colo.App.2011); *Wark*, 68 P.3d at 582.

¶ 29 Similarly, C.R.C.P. 54(d) states, "Except when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." A "prevailing party" is one who prevails on a significant issue in the litigation and achieves some of the benefits sought. *Archer*, 90 P.3d at 231; *Parsons v. Allstate Ins. Co.*, 165 P.3d 809, 820 (Colo. App.2006). The issue on which the party prevails need not be the central issue in the litigation, but merely a significant one. *Anderson v. Pursell*, 244 P.3d 1188, 1194 (Colo.2010) (citation omitted).

¶ 30 Plaintiffs brought claims against ANS for negligent entrustment, negligent supervision, and vicarious liability. The trial court granted ANS's motion for directed verdict based on the court's finding that plaintiffs had failed to present sufficient evidence on their claims against ANS. Nevertheless, the trial court denied ANS's motion for costs and attorney fees based on its conclusion that

ANS was not a prevailing party under C.R.C.P. 54(d).

¶ 31 We conclude that, because ANS prevailed on all claims against it, the trial court erred in exercising its discretion by denying an award of costs to ANS.

### 3. Attorney Fees

■ ¶ 32 ANS also requested attorney fees as sanctions under C.R.C.P. 11 and section 13–17–102, arguing that plaintiffs asserted frivolous and factually unsupported claims against it. We disagree with ANS's argument that the court erred in declining to award its attorney fees.

¶ 33 Based on our review of the record, we conclude that plaintiffs' claims against ANS were not frivolous and were not made in bad faith. Plaintiffs had a good faith basis for asserting that ANS, which was partly owned by Kinningham and which had a policy of insurance on the car involved in the accident, might be liable to plaintiffs based on negligent entrustment, negligent supervision, or vicarious liability. *See Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 299 (Colo.App.2009) ("A claim is frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim[,] [but] [a] claim is not frivolous ... if it is meritorious but merely unsuccessful[.]") (citations and quotations omitted).

### E. Defendants' Remaining Contentions

¶ 34 Defendants have raised additional issues, all of which are subject to review for an abuse of discretion. We have thoroughly reviewed the record as to each of these issues, and the law pertinent to each, and we discern no error in the trial court's exercise of its discretion as to any of the following issues:

(1) Denial of defendants' motion for enlargement of time to designate a nonparty at fault. *See Chavez v. ParkviewEpiscopal Med. Ctr.*, 32 P.3d 609, 611 (Colo.App.2001) (no error in denying motion to designate a nonparty at fault where it was filed seven months late and the information concerning the nonparty's potential fault was previously available).

(2) Denial of defendants' motion for sanctions concerning tax returns and alleged false statements. *See*C.R.C.P. 11, 26, 37; § 13–17–102.

(3) Admission of evidence of liability insurance. The trial court's sustaining of defendants' objection to a question about liability insurance, and instruction to the jury that statements of counsel are not evidence, precluded any prejudice to defendants. *SeeLombard v. Colo. Outdoor Educ. Ctr., Inc.,* 266 P.3d 412, 421 (Colo.App.2011) ("only when the mention of insurance occurs in a flagrant manner that clearly prejudices the rights of a [party] is the trial court's denial of the motion for a mistrial reversible error" (citation omitted)); *People v. Rojas,* 181 P.3d 1216, 1224 (Colo.App.2008) (trial court's actions in sustaining counsel's objections and striking the challenged remarks were sufficient to cure any prejudice).

(4) Admission of Kinningham's testimony to his own blood alcohol content. CRE 801(d)(2) (admissions of party opponent are not hearsay). No expert testimony was required under CRE 702, and, contrary to defendants' assertion, section 42–4–1301, C.R.S.2012, is inapplicable to this proceeding.

(5) Denial of defendants' motions for mistrial and for a new trial. Any prejudice that defendants may have suffered from counsel or witness misconduct was not substantial and was remedied by the court's sustaining of objections, offering curative instructions to the jury, and instructing the jury again before deliberations as to the evidence it could properly consider. *SeeBloom v. People,* 185 P.3d 797, 807 (Colo.2008) ("Because [a] mistrial is the most drastic of remedies, it is only warranted where the prejudice to the [moving party] is too substantial to be remedied by other means." (quotation omitted)); *Rojas,* 181 P.3d at 1224; *Cissell Mfg. Co. v. Park,* 36 P.3d 85, 91 (Colo.App. 2001) ("If the court sustains objections to a line of questioning, the witness does not answer, and the court instructs the jury that statements of counsel are not evidence, the court may properly deny a request for a new trial.").

## F. Plaintiffs' Request for Appellate Attorney Fees

¶ 35 Plaintiffs request an award of attorney fees and costs incurred on appeal under C.A.R. 38(d). That rule states, "If the appellate court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

¶ 36 We conclude that defendants' argument that the trial court was required to grant their motion for a new trial because *plaintiffs* did not submit an *opposing affidavit* is frivolous, as no such requirement exists under C.R.C.P. 59(d). *See alsoPeoples Natural Gas Div. of N. Natural Gas Co. v. Pub. Util. Comm'n,* 626 P.2d 159, 164 (Colo.1981) ("The requirement of a supporting affidavit under Rule 59 serves to demonstrate that *one who moves for a new trial* alleging irregularities in prior proceedings that denied him a fair trial, is acting upon a basis of knowledge, not upon a mere suspicion or mere hope.") (emphasis added); *Martin v. Essrig,* 277 P.3d 857, 862 (Colo.App.2011) ("An appeal is frivolous as filed when the district court's judgment is so plainly correct and the legal authority so clearly against the appellant's position that there is really no appealable issue.").

¶ 37 We therefore exercise our discretion under C.A.R. 39.5 to remand the matter to the trial court to determine and award to plaintiffs the amount of fees they incurred in responding to this frivolous argument. However, we conclude that the remaining arguments raised by defendants on appeal do not lack substantial justification, and are not frivolous (although some border on the frivolous), and that no award of attorney fees or costs is warranted with respect to the other arguments.

## III. Conclusion

¶ 38 We vacate the trial court's order awarding costs to plaintiffs against Kinningham, reverse the court's order denying

ANS's motion to determine that it is a prevailing party, and affirm the judgment and orders of the trial court in all other respects. We remand the case to the trial court. On remand, the trial court shall

(1) hold an evidentiary hearing as to the costs to be awarded to plaintiffs and against Kinningham, and award such costs;

(2) determine and award to ANS its costs; and

(3) determine and award to plaintiffs their fees and costs incurred in responding to defendants' frivolous appellate argument that defendants' motion for a new trial should have been granted based on plaintiffs' failure to file an opposing affidavit.

JUDGE CARPARELLI and JUDGE ROMÁN concur.