2015 COA 63

**John WINKLER and Linda Winkler, Plaintiffs–Appellants,**

v.

**Jason SHAFFER, Defendant–Appellee.**

**Court of Appeals No. 14CA0727**

Colorado Court of Appeals, Div. IV.

Announced May 7, 2015

Certiorari Dismissed July 24, 2015

The Murphy Law Firm, LLC, Brian A. Murphy, Wheat Ridge, Colorado, for Plaintiffs–Appellants

Pryor Johnson Carney Karr Nixon, P.C., Valerie A. Garcia, Elizabeth C. Moran, Greenwood Village, Colorado, for Defendant–Appellee

Opinion by JUDGE HAWTHORNE

¶ 1 Plaintiffs, John Winkler and Linda Winkler, appeal the judgment entered on a jury verdict for defendant, Jason Shaffer. Plaintiffs contend that the trial court erred in denying their motion to strike a video deposition and declining to give a negligence per se jury instruction. We conclude that any alleged error with respect to the deposition was harmless and that the court did not err in declining to give a negligence per se instruction because if given the instruction would have been redundant to the jury instructions on common law negligence. We affirm.

I. Facts and Procedural History

¶ 2 Plaintiffs were injured in a multi-vehicle accident during a snowstorm on an icy highway. Defendant lost control of a semi-trailer truck after he was struck by two vehicles, and came to a stop blocking the highway. Plaintiffs' vehicle hit defendant's truck in the ensuing pile-up. Plaintiffs sued defendant and a number of other co-defendants, who are not parties to this appeal.

¶ 3 At trial, defendants submitted a video deposition of Sergeant Gates. Sergeant Gates was the first law enforcement officer to respond to the accident and witnessed part

of the accident. He described the weather and road conditions on the day of the accident, and concluded that defendant drove reasonably given those conditions.

¶ 4 Following the trial, the jury concluded that plaintiffs had suffered injuries. The jury found that some co-defendants were negligent and had caused one hundred percent of plaintiffs' injuries. On the other hand, the jury concluded that defendant and several additional co-defendants were not negligent and had not caused plaintiffs' injuries.

¶ 5 The co-defendants that were found negligent at trial are not a party to this appeal. As to the remaining co-defendants, some settled and some were dismissed. So, despite the parties' briefings addressing co-defendants, we only address plaintiffs' arguments with respect to defendant.

## II. Sergeant Gates's Deposition

¶ 6 Plaintiffs assert that the trial court erred in denying their motion to strike Sergeant Gates's deposition. We are not persuaded.

### A. Standard of Review and Applicable Law

¶ 7 We review for abuse of discretion a trial court's decision on whether to impose discovery sanctions under C.R.C.P. 37. *See Clements v. Davies*, 217 P.3d 912, 915 (Colo.App.2009). A trial court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair. *Zueger v. Goss*, 2014 COA 61, ¶ 8, 343 P.3d 1028. Under Rule 37(c)(1), "[a] party that without substantial justification fails to disclose information required by C.R.C.P. Rules 26(a) or 26(e) shall not, unless such failure is harmless, be permitted to present any evidence not so disclosed at trial or on a motion made pursuant to C.R.C.P. 56." Thus, a trial court does not err in declining to impose sanctions under Rule 37(c)(1) if the failure to disclose was harmless. *See Trattler v. Citron*, 182 P.3d 674, 679–80 (Colo.2008).

In evaluating whether a failure to disclose evidence is harmless under Rule 37(c), the inquiry is not whether the new evidence is potentially harmful to the opposing side's case. Instead, the question is whether the failure to disclose the evidence in a timely fashion will prejudice the opposing party by denying that party an adequate opportunity to defend against the evidence.

*Todd v. Bear Valley Vill. Apartments*, 980 P.2d 973, 979 (Colo.1999).

### B. Analysis

¶ 8 Plaintiffs argue that the court erred in admitting Sergeant Gates's deposition because it exceeded the expert disclosure's scope and, therefore, they did not have adequate time before trial to respond to the opinions expressed at the deposition. We disagree.

¶ 9 Defendant's expert disclosure provided the following information about the scope of Sergeant Gates's testimony:

> Sergeant Gates may be called to testify based on his education, training, and experience, and/or to discuss his observations and investigation on March 26, 2009. Sgt. Gates was on site when this incident occurred and was the first law enforcement officer to respond to the accident. . . .

Plaintiffs assert that Sergeant Gates provided testimony that defendant did not drive negligently or cause the collision and, therefore, exceeded the scope of this disclosure during his deposition taken ten days before trial. Plaintiffs also contend that ten days was insufficient to prepare their case in response to the new information revealed at the deposition.

¶ 10 Plaintiffs fail to establish any prejudice or harm associated with the alleged error on appeal. First, plaintiffs concede they made no offer of proof as to what they would have done or shown had they received adequate time to respond to the deposition. *See Ajay Sports, Inc. v. Casazza*, 1 P.3d 267, 275 (Colo.App.2000) (concluding that any error permitting undisclosed expert testimony was harmless where party claiming surprise by the testimony does not specify how he was prejudiced or what additional information he could have elicited on cross-examination). Plaintiffs also never requested a continuance after the deposition was taken. If additional time was needed to prepare for trial, a continuance could have provided that time. Failure to request a continuance supports the conclusion that the alleged error was

harmless. *Saturn Sys., Inc. v. Militare*, 252 P.3d 516, 525 (Colo.App.2011).

¶ 11 Next, plaintiffs had access to Sergeant Gates's entire deposition prior to trial, but never asked their expert witness whether he agreed with Sergeant Gates's opinions. To the extent plaintiffs believed Sergeant Gates's testimony negatively impacted their case, they could have specifically rebutted his testimony with their expert witness. And although plaintiffs did not ask their expert about Sergeant Gates, their expert nonetheless rebutted his opinion that defendant was not following too close nor driving too fast for the conditions. Specifically, plaintiffs' expert stated that given the icy roads, defendant should have been driving between zero and ten miles per hour, but concluded that the damage from the accident was consistent with a vehicle traveling at least twenty-five miles per hour. Plaintiffs' expert also stated that defendant was approximately sixty to eighty feet behind the car in front of him, but should have been, at a minimum, approximately 220 feet behind any vehicle. And, plaintiffs' expert concluded that defendant caused the accident that resulted in plaintiffs' injuries because he was following too closely and driving too fast for the conditions. So, plaintiffs' expert ultimately rebutted defendant's expert testimony.

¶ 12 Thus, the alleged error was harmless because plaintiffs had an adequate opportunity to defend against the opinions expressed in the deposition.

### III. Negligence Per Se Jury Instruction

¶ 13 Plaintiffs contend that the court erred in refusing to give a negligence per se instruction to the jury. We disagree.

#### A. Standard of Review and Applicable Law

¶ 14 We review for abuse of discretion a trial court's decision to give a particular jury instruction. *Day v. Johnson*, 255 P.3d 1064, 1067 (Colo.2011). The court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair. *Id.*

¶ 15 Negligence per se occurs when a defendant violates a statute adopted for the public's safety and the violation causes the plaintiff's injuries. *Scott v. Matlack,* *Inc.*, 39 P.3d 1160, 1166 (Colo.2002). A plaintiff seeking recovery under this doctrine must show that he or she is a member of the class the statute intended to protect and that the injuries suffered were the kind the statute was enacted to prevent. *Fishman v. Kotts*, 179 P.3d 232, 234 (Colo.App.2007). If the statute applies to the defendant's actions, then the statute conclusively establishes the defendant's standard of care and a statutory violation breaches his or her duty. *Silva v. Wilcox*, 223 P.3d 127, 135 (Colo.App.2009). Generally, violating a safety statute that regulates roadway usage is evidence of negligence. *See id.*

#### B. Analysis

¶ 16 The jury was given the following instructions:

> Negligence means a failure to do an act which a reasonably careful person would do, or the doing of an act which a reasonably careful person would not do, under the same or similar circumstances to protect oneself or others from bodily injury, death, property damage.

> Reasonable care is that degree of care which a reasonably careful person would use under the same or similar circumstances.

> The operator of a vehicle has a duty at all times to drive at a speed no greater than is reasonable under the conditions then existing.

> A driver must maintain a proper lookout to see what that driver could and should have seen in the exercise of reasonable care.

Plaintiffs submitted the following instruction and assert that the court should have given it to the jury:

> At the time of the occurrence in question in this case, the following statutes of the State of Colorado were in effect:

> C.R.S. § 42–4–1008. Following too closely
> C.R.S. § 42–4–1101. Speed limits

> A violation of either of these statutes constitutes negligence.

> If you find such a violation, you may only consider it if you also find that it was a cause of the claimed injuries, damages, losses.

Plaintiffs also included the listed statutes' entire language in their requested instruction. In relevant part, section 42–4–1008(1), C.R.S.2014, states that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." And section 42–4–1101(1) states that "[n]o person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing."

¶ 17 Under plaintiffs' tendered negligence per se instruction, a violation of sections 42–4–1008 or 42–4–1101 would establish negligence. But to find a statutory violation the jury would have to conclude that the party was either driving the vehicle "more closely than is reasonable and prudent" or "at a speed greater than is reasonable and prudent under the conditions then existing." §§ 424–1008(1), 42–4–1101(1). The instructions given to the jury stated that negligence was the failure to "do an act which a reasonably careful person would do, or the doing of an act which a reasonably careful person would not do." And the jury was specifically instructed that "[t]he operator of a vehicle has a duty at all times to drive at a speed no greater than is reasonable under the conditions then existing." These instructions describe the standard for common law negligence.

¶ 18 Where, as with sections 42–4–1008 and 42–4–1101, the statutory standard of care codifies common law negligence, a negligence per se instruction is redundant when given alongside a common law negligence instruction. *See Silva,* 223 P.3d at 136. In discussing the modern trend declining to give an additional negligence per se instruction alongside a common law negligence instruction, *Silva* concluded that "[a]lthough the trial court could have omitted the negligence per se instruction, it did not err in giving the instruction." *Id.* This is consistent with note nine of CJI–Civ. 4th 9:14 (2014), which states that "[i]f a statutory standard of care is a codification of common-law negligence, the negligence per se instruction has no practical effect when given alongside a common-law negligence instruction. In such cases, the court need not give both a com-

mon-law negligence instruction and a negligence per se instruction." Also, there is little justification for providing a negligence per se instruction when it does not simplify or provide the structure needed to determine negligence. *See* Restatement (Third) of Torts: Liability for Physical & Emotional Harm § 14 cmt. e (2010) (explaining that the majority of courts reject negligence per se instructions when the underlying statute codifies common law negligence). The negligence per se instruction adds nothing to the common law negligence instruction because the jury would have to first find negligence in order to find a statutory violation needed to establish negligence per se. *See Silva,* 223 P.3d at 136; *see also* Martin v. Minnard, 862 P.2d 1014, 1018 (Colo.App.1993) (concluding that the failure to give negligence per se instruction was harmless because the negligence instruction given to the jury adequately instructed on the standard of care that would have been included in the negligence per se instruction). To the extent *Silva's* analysis was dicta, as asserted by plaintiffs, we find it persuasive as applied to the circumstances here. Thus, we hold the court did not err in declining to give the negligence per se instruction.

## IV.   Conclusion

¶ 19 The judgment is affirmed.

JUDGE BERNARD and JUDGE MILLER concur.